# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, LLC, a limited liability company; and FIREARMS POLICY COALITION, INC., a nonprofit corporation, <br><br> Plaintiffs, <br><br> BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS, <br><br> Intervenor Plaintiff, <br><br> DEFENSE DISTRIBUTED, and SECOND AMENDMENT FOUNDATION, INC., <br><br> Intervenor Plaintiffs, <br><br> and <br><br> POLYMER80, INC., <br><br> Applicant in Intervention, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> Defendants. | Civil Action No. 4:22-cv-00691-O |

### DECLARATION OF LORAN L. KELLEY JR.

I, Loran L. Kelley Jr., declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge:

1

1. I am over eighteen (18) years of age, am fully competent to testify, and have personal knowledge of the matters set forth herein.

2. I am a citizen of the United States of America and reside in the State of Nevada.

3. I am one of the founders of Polymer80, Inc. ("Polymer80") and am its President and Chief Executive Officer. As its senior officer, I am deeply familiar with all of Polymer80's business and commercial activities.

4. Polymer80 is incorporated under the laws of the State of Nevada and has its principal place of business in Dayton, Nevada.

5. Plaintiff Polymer80 designs, manufactures, markets, and distributes firearms, non-firearm products such as receiver blanks (partially complete, disassembled, or nonfunctional frames), and other innovative products, components, and accessories. At the heart of Polymer80's business is the aim to allow customers to participate in the build process of creating a constitutionally protected instrument. Polymer80 is and has been the industry leader in the design, manufacture, and distribution of receiver blanks, jigs, and associated kits. Others in this industry include Blackhawk Manufacturing Group Inc., Tactical Machining LLC, and Defense Distributed. Polymer80's core business is manufacturing and distributing the very items Defendants regulate under ATF final rule 2021R-05F ("Final Rule"), the December 27, 2022 Open Letter, and the December 27, 2022 Polymer80 Letter.

6. Polymer80's customers are do-it-yourself hobbyists who appreciate the challenge of manufacturing their own firearms. Our products, including our receiver blanks, uniquely provide responsible, law-abiding citizens the means of creating a constitutionally-protected instrument. Polymer80 distributes receiver blanks throughout the United States, including within this district. Receiver blanks are popular among Polymer80's customers, many of whom reside in

this district. Polymer80 has sold a substantial number of its products in this district, and attends—and sells its products at—the biannual Nation's Best Sports trade show, which occurs in Fort Worth. Polymer80 intends to continue and grow its sales of receiver blanks into the Dallas Forth-Worth area and into Texas generally.

7. Under the ATF's longstanding application of the Gun Control Act of 1968, evidenced and established through extensive classification determinations issued to the industry (including directly to Polymer80) over many decades, Polymer80's receiver blanks are not a "frame or receiver" or "firearm" as that term is defined in the Gun Control Act.

8. Polymer80 was therefore able to lawfully sell its receiver blanks directly to consumers, who could lawfully purchase these products through our website and ship products to those customers through the mail throughout the country and to this district. For as long as Polymer80 has been in operation, this practice did not subject it or its customers to potential criminal liability or enforcement by the ATF or the United States Department of Justice.

9. I am familiar with the "Classification Letters" issued to Polymer80 by the United States Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF"), determining that Polymer80 pistol frame or receiver blanks are *not* "firearm[s]" under the meaning of the Gun Control Act. *See* Classification Letter, ATF (Jan. 18, 2017) (determining that Polymer80's PF940C pistol blank frame is not a firearm) (attached to the complaint as Exhibit B); Classification Letter, ATF (Nov. 2, 2015) (determining that Polymer80's Glock-type GC9 pistol frame blank and Polymer80's Warrhogg receiver blank are not firearms) (attached to the complaint as Exhibit C). Those Classification Letters are extremely important to Polymer80 and key components and foundations of its business today. Polymer80 conducted its business model in accordance with these Classification Letters.

10. Since the Final Rule was published in April 2022, Polymer80 has devoted extensive time and resources to try to understand what the Final Rule says and how the Final Rule would affect Polymer80, for the purpose of continued compliance with all ATF rules and regulations. After reading the Final Rule's vague and confusing text and listening to the public statements of President Biden and Attorney General Garland, it appears that the intent of the Final Rule is to improperly reclassify receiver blanks as the legal equivalent of complete, functional, regulated "frames or receivers" under federal law.

11. Since ATF published its Open Letter—which adjudicated the "Impact of Final Rule 2021-05F on Partially Complete Polymer80, Lone Wolf, and Similar Semiautomatic Pistol Frames"—and the since the ATF sent the Polymer80 Letter to Polymer80 specifically—which reinforced the Open Letter but tailored its "evaluation" to only Polymer80's products and was sent only to Polymer80—Polymer80 has devoted extensive time and resources to try to understand what the Open Letter and Polymer80 Letter says and how they will affect Polymer80. Neither the Open Letter nor the Polymer80 Letter were in any way prompted by Polymer80.

12. The Final Rule and Open Letter make it impossible for manufacturers, including Polymer80, to determine with any reasonable certainty which regulatory requirements apply to a product design. Polymer80 attempted in good faith to comply with the Final Rule by, for instance, selling receiver blanks without jigs, but the Open Letter and Polymer80 Letter prohibit Polymer80 from engaging in even that practice.

13. Polymer80 is adversely affected by the Final Rule, Open Letter, and Polymer80 Letter because they forced Polymer80 to discontinue sales of unfinished-frame kits and unfinished frames as they are currently designed. Polymer80 has also regulated its protected speech by deleting instruction materials regarding its receiver blanks from its website.

14. Polymer80's business model and continued existence are reliant on its sales of receiver blanks that have long been held and understood not to be "firearms" under federal law but are under unlawful and unconstitutional attack from the Biden Administration. The Final Rule, in conjunction with the Open Letter and the Polymer80 Letter, have caused profound economic harm to Polymer80 and threaten its very existence as a going concern. Dated, this the 9th day of January, 2023

_____
Loran L. Kelley Jr.