UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| POLYMER80, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00029-O |
| | § | |
| MERRICK GARLAND, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Dismiss Complaint for Improper Venue or, in the Alternative, to Transfer Venue (ECF No. 12) and Brief in Support (ECF No. 13), filed March 7, 2023. Also before the Court are Defendants' Motion for Expedited Briefing Schedule on Defendants' Venue Motion (ECF No. 19), filed March 8, 2023; Plaintiff's Response (ECF No. 20), filed March 9, 2023; and Defendants' Reply (ECF No. 21), filed March 10, 2023.

## I.  BACKGROUND

On March 8, 2023, the Court expedited briefing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 14) given Plaintiff's allegations that, without immediate injunctive relief, it will likely go out of business. *See* Order, ECF No. 18. If true, Plaintiff's allegations justify an expedited briefing schedule and consideration. Defendants, however, have offered no equivalent existential reason why the Court should consider its venue motion on an expedited basis. Instead, Defendants seek an expedite decision about whether or not this case should stay in the Northern District of Texas—not based on jurisdictional grounds, but on improper venue. They ask for a briefing schedule that corresponds with the Court's expedited schedule on Plaintiff's TRO because, they argue, determination of proper venue should come before a decision on the merits of injunctive relief. Defendants offer no binding

authority, and the Court is unaware of any, that dictates that a court resolve venue before it resolves an emergency request for relief.

## II. DISCUSSION

If the United States is defendant in an action, venue is appropriate "in any judicial district in which (A) a defendant in the action resides, (B) *a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated*, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1) (emphasis added).

Plaintiff claims venue is proper based on § 1391(e)(1)(B).[1] Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(3) based solely on improper venue.[2] Fed. R. Civ. P. 12(b)(3). And Defendant's basis for dismissal is that Plaintiff has not made a showing of substantiality under § 1391(e)(1)(B).[3] They argue "the only allegations that Plaintiff makes concerning this district are that it makes an unspecified number of sales in this district and attends a biannual trade show in this district."[4]

But satisfying this prong does not require a showing that a majority of the events or omissions occurred in this district, nor does it even mean that the events that occurred here predominate. Rather, a "substantial" or "significant" part of the events or omissions material to Plaintiff's claim must occur in this district for venue to be proper here. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if

---

[1] Compl., ECF No. 1. It also asserts proper venue based on § 1391(e)(1)(C) but, based on the information in the Complaint and as Defendants point out, it is unclear how that subsection applies, if at all.

[2] *See generally* Def.'s Br. in Supp. of Mot. to Dismiss or Transfer, ECF No. 13. In the alternative, Defendants ask the Court to transfer the case under 28 U.S.C. § 1404(a), which affords courts discretion to transfer cases "for the convenience of the parties [or] in the interest of justice."

[3] *Id.*

[4] Def.'s Mot. to Expedite 5, ECF No. 19.

other material events occurred elsewhere") (emphasis in original). Deciding the venue question itself may require a fact-specific inquiry involving consideration of extrinsic evidence. *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006) (noting courts' authority to consider evidence outside the pleadings when analyzing 12(b)(3) motions to dismiss). Evaluating proper venue may also include an evidentiary hearing. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2004).

As Defendants point out, Plaintiff alleges it has customers in and routinely attends sales events in this district. According to Plaintiff, ATF's recent regulation that is the subject of this suit impacts those sales, as well as sales by Plaintiff elsewhere. Whether Plaintiff can carry its burden on the issue of substantiality will require consideration of the facts alleged and may require additional extrinsic evidence or an evidentiary hearing—which necessarily takes time. Given Plaintiff's allegations that it will be ruined absent prompt action from this Court, and the fact that Defendants have moved to dismiss this case solely on the basis of improper venue (and not some other ground going to the merits of the case), the Court sees no reason to expedite this non-emergency venue motion and place it ahead of the many other motions and cases currently pending before this Court.

## III. CONCLUSION

For these reasons, Defendants' motion to expedite (ECF No. 19) is **DENIED**.

**SO ORDERED** this **12th day** of **March, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**