# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| POLYMER80, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>    Defendants. | Case No. 4:23-cv-00029-O |

**DEFENDANTS' MOTION TO LIFT STAY, TO DISMISS ACTION, AND TO VACATE PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, OR FOR AN INDICATIVE RULING**

## INTRODUCTION

On July 12, 2023, the Court stayed this case pending the result of Defendants' appeal of the judgment in favor of Plaintiff Polymer80, Inc. ("Polymer80") and other plaintiffs in a related case, *VanDerStok v. Garland*, 4:22-cv-00691-O (N.D. Tex.), *appeal pending*, No. 23-10718 (5th Cir.). In this Motion, Defendants request that the Court lift the stay to award one or both of the following types of relief, entering an indicative ruling if necessary[1]: (1) dismiss this action under the claim-splitting doctrine; or (2) vacate the preliminary injunction and temporary restraining order ("PI/TRO") that this Court entered in favor of Polymer80, in light of the Supreme Court's recent decision to stay the vacatur of the Rule[2] in full (including as to Polymer80) during the pendency of Fifth Circuit and Supreme Court review in *VanDerStok*, *see Garland v. Vanderstok*, __ S. Ct. __, No. 23A82, 2023 WL 5023383, at *1 (Aug. 8, 2023) ("Supreme Court Stay Order").

Dismissal of this action is appropriate under the claim-splitting doctrine because Polymer80 is pursuing identical claims in this action and *VanDerStok*, as this Court has recognized, *see* Order, ECF No. 36. The Supreme Court Stay Order makes clear that Polymer80 is maintaining an unwarranted tactical advantage – the continued benefit of a preliminary order protecting it from application of the Rule, even after the Supreme Court has determined that the Rule should be in effect as to Polymer80 – solely by virtue of prosecuting two duplicative actions, which the claim-splitting doctrine serves to prevent.

---

[1] Under Federal Rule of Civil Procedure 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). To the extent the Court concludes that Defendants' pending interlocutory appeal of the Court's preliminary injunction and temporary restraining order, *Polymer80, Inc. v. Garland*, No. 23-10527 (5th Cir.), deprives it of jurisdiction to enter any of the requested relief, the Court should enter an indicative ruling stating that it would grant such relief if the Fifth Circuit remanded for that purpose.

[2] Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022)

1

Vacatur of the PI/TRO is appropriate because the Supreme Court has now determined that the Rule should remain fully in effect, including as to Polymer80, during the pendency of Fifth Circuit and Supreme Court review in *VanDerStok*. The PI/TRO conflicts with this determination of the Supreme Court.

Because the Supreme Court Stay Order is a material new development that warrants entry of one or more of these categories of relief, the Court should lift the stay for the purpose of awarding such relief to Defendants, entering an indicative ruling if necessary.[3]

**I.     The Court Should Dismiss This Action Under the Claim-Splitting Doctrine**

The rule against claim-splitting precludes litigants from pursuing the same claims in two distinct actions. This rule "prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Gen. Land Off. v. Biden*, 71 F.4th 264, 269-70 (5th Cir. 2023) (citing *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985)). "In a claim splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim." *Ameritox, Ltd. v. Aegis Scis. Corp.*, No. 3:08-cv-1168-D, 2009 WL 305874, at *4 (N.D. Tex. Feb. 9, 2009).

Here, Polymer80's Complaint is verbatim identical (save for the case caption) to the Complaint in Intervention that the Court allowed Polymer80 to file in *VanDerStok*. *Compare* Compl., ECF No. 1, *with* Polymer80, Inc.'s [Proposed] Compl. for Decl. & Inj. Relief, *VanDerStok*, ECF No. 159, APP

---

[3] In the interlocutory appeal of the PI/TRO entered in this case, Defendants' counsel asked Polymer80's counsel whether they would consent to a motion to hold the appellate briefing in *Polymer80* in abeyance pending the resolution of the appeals of preliminary injunctions entered in *VanDerStok*. Polymer80's counsel responded: "We would consent to that motion provided that the government will not request a stay of the injunction." Defendants' counsel then responded: "we can represent that the government won't request a stay of the injunction." Defendants understand that Polymer80 intends to argue that this motion somehow violates an agreement by Defendants. That is incorrect. Polymer80 neither asked for nor received a representation that Defendants would not move to dismiss this action or vacate the PI/TRO. Nothing in this motion conflicts with any representation made by Defendants' counsel.

058. It is therefore clear that the claim-splitting rule precludes Polymer80 from maintaining both actions. In claim-splitting cases, a court generally should dismiss the "second" action while the "first" action proceeds. *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996). Here, application of that principle is complicated by the fact that Polymer80 filed its Complaint in this action and its Motion to Intervene in *VanDerStok* on the same day, January 9, 2023. Because substantive briefing in this case occurred while Polymer80's Motion to Intervene in *VanDerStok* was still pending, Defendants initially argued that the Court should deny the Motion to Intervene in *VanDerStok* on the basis of claim-splitting, allowing this action to proceed. *See* Defendants' Opposition to Polymer80, Inc.'s Motion to Intervene, *VanDerStok*, ECF No. 206, at 3-4. But the Court granted Polymer80's Motion to Intervene in *VanDerStok*, contemporaneously granted summary judgment in Polymer80's favor on its claim that the Rule exceeded Defendants' statutory authority, and shortly thereafter entered partial final judgment in Polymer80's favor vacating the Rule. *See* Memorandum Opinion and Order on the Parties' Cross-Motions for Summary Judgment and Motions to Intervene, *VanDerStok*, ECF No. 227 ("*VanDerStok* Op."), Final Judgment, *VanDerStok* ECF No. 231 ("*VanDerStok* Judgment"). Expedited briefing on Defendants' appeal in *VanDerStok* is underway in the Fifth Circuit, with oral argument scheduled for September 7, 2023, and the Supreme Court has already awarded Defendants preliminary relief in the appeal. Because *VanDerStok* has reached an advanced stage, it is appropriate to treat *VanDerStok* as the first action and dismiss this identical action on claim-splitting grounds.

Furthermore, the Supreme Court Stay Order makes clear that allowing Polymer80 to maintain its claims in this action and *VanDerStok* would cause the very mischief that the claim-splitting doctrine was designed to prevent. Polymer80 obtained two distinct forms of relief in the two actions on the same claim: a PI/TRO in this action and a partial final judgment vacating the Rule in *VanDerStok*. While that vacatur was in effect, the PI/TRO in this action was essentially superfluous. But now that

3

the Supreme Court has stayed the vacatur, the Rule has come back into effect for each of the other plaintiffs in *VanDerStok*. Polymer80 alone still benefits from the separate order protecting it from the Rule's application, solely by virtue of maintaining two duplicative actions. "A main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim." *Matter of Super Van Inc.*, 92 F.3d 366, 371 (5th Cir. 1996). As explained below, *see infra*, Part II, Defendants obtained a determination from the Supreme Court in *VanDerStok*, over Polymer80's opposition, that the Rule should remain into effect as to all parties, including Polymer80, pending Fifth Circuit and Supreme Court review. Defendants should not have to play a game of Whac-A-Mole, defending Polymer80's claims simultaneously in two identical actions. Accordingly, the Court should dismiss this lawsuit under the rule against claim-splitting, which would have the effect of dissolving or mooting the PI/TRO.

Dismissing this action would also effectuate this Court's order staying this case and this Court's order granting Polymer80's motion to intervene in *VanDerStok*. After allowing Polymer80 to intervene in *VanDerStok*, this Court entered an order in this case, explaining: "Plaintiff indicated that if it were permitted to intervene in the related case [*VanDerStok*] it would voluntary [sic] dismiss the current action. As such, the Court **ORDERS** Plaintiff to file appropriate dismissal papers no later than **July 7, 2023** or, in the alternative, to file a notice informing the Court why dismissal at this juncture is inappropriate." Order, ECF No. 36 (citation omitted). Polymer80 then argued that "[d]ismissal of this action is inappropriate at this time and potentially prejudicial because Defendants can challenge Polymer80's *Vanderstok* intervention on appeal." Polymer80, Inc.'s Notice in Response to Court Order, ECF No. 37, at 2. This Court then stayed this action "pending the outcome of any potential appeal by the Government of Polymer80's intervention in a related case." Order Staying Case, ECF No. 38. That stay order kept this action alive such that Polymer80 would not be without recourse if Defendants appealed and obtained reversal of the decision of this Court to allow

4

Polymer80 to intervene in *VanDerStok*. But Defendants have now elected not to "appeal . . . Polymer80's intervention" in *VanDerStok*. Although Defendants' opening appellate brief in *VanDerStok* urged reversal of the *VanDerStok* Opinion and Judgment insofar as it granted summary judgment to the plaintiffs, held the Rule unlawful, and vacated the Rule, Defendants did not ask the Fifth Circuit to reverse this Court's decision to allow Polymer80 to intervene in *VanDerStok*. *See generally* Brief for Appellants, *VanDerStok v. Garland*, No. 23-10718 (5th Cir. Aug. 9, 2023). Therefore, Polymer80's participation as a party in *VanDerStok* is secure, and there is no reason to continue to allow Polymer80 to maintain a separate, duplicative action.

**II.     Alternatively, the Court Should Vacate the PI/TRO**

Alternatively, if the Court does not dismiss this case outright, the Court should vacate the PI/TRO. The Supreme Court has now determined that the Rule should remain in effect pending Fifth Circuit and Supreme Court review as to all parties, including Polymer80. Allowing the PI/TRO to remain in effect would interfere with the Supreme Court's equitable authority and would conflict with the relief granted by the Supreme Court.

On June 30, 2023, this Court entered summary judgment for all plaintiffs in *VanDerStok*, including Polymer80, on their claims that the Rule exceeded statutory authority. *See VanDerStok* Op. 37-38. On July 5, 2023, this Court entered final judgment with respect to Polymer80's claims challenging the Rule and vacated the Rule. *See VanDerStok* Judgment. The Supreme Court has now ordered that "[t]he June 30, 2023 order and July 5, 2023 judgment of the United States District Court for the Northern District of Texas, case No. 4:22-cv-691, insofar as they vacate the final rule of the Bureau of Alcohol, Tobacco, Firearms and Explosives, 87 Fed. Reg. 24652 (April 26, 2022), are stayed pending the disposition of the appeal in the United States Court of Appeals for the Fifth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought." Supreme Court Stay Order.

5

The Supreme Court declined to grant an exception to this stay with respect to the parties in *VanDerStok*, including Polymer80, despite the fact that the *VanDerStok* plaintiffs specifically requested that the Supreme Court limit any stay to non-parties who had not obtained earlier preliminary injunctive relief.[4] Additionally, although Defendants' Supreme Court stay application primarily requested a full stay of the district court's vacatur, on the grounds that the government is likely to prevail on the merits of Plaintiffs' claims by demonstrating that the Rule's challenged provisions comport with the statute, *see* Application for a Stay of the Judgment Entered by the United States District Court for the Northern District of Texas, *Garland v. VanDerStok*, No. 23A82, 2023 WL 4844058 at *16-27 (Stay Application), in addition, the government argued that this Court's universal vacatur was impermissible and overbroad and requested, in the alternative, that the Supreme Court stay the judgment as to nonparties. *See id.* at *27-34 (arguing that this Court should not have awarded universal relief); *see id.* at 40 ("The application for a stay of the district court's judgment vacating the Rule should be granted. At a minimum, the Court should stay the district court's judgment to the extent it applies to nonparties."). In rejecting the plaintiffs' arguments and issuing a *full* stay, then, the Supreme Court necessarily determined that the government is likely correct that relief should not be granted to *VanDerStok* plaintiffs in particular, including Polymer80.

Consequently, this Court's PI/TRO, which enjoins application of the Rule to Polymer80, conflicts with the Supreme Court's determination that the Rule should remain in effect as to

---

[4] *See* Respondents VanDerStok, Andren, Tactical Machining, Firearms Policy Coalition, Inc., and Polymer80, Inc.'s Opposition to Stay at 5 (arguing in the alternative that "[i]f the Court is inclined to grant the Government's motion to any extent, . . . , the Court should limit any stay to applications of the vacatur order that exceed the scope of the preliminary injunction"), 36 ("While the Court should deny the stay in its entirety, in the alternative the Court should deny it at least to the extent it seeks a stay of the vacatur with respect to the entities and individuals that were covered by the preliminary injunction."), *Garland v. Vanderstok*, __ S. Ct. __, No. 23A82, 2023 WL 5023383 (Aug. 2, 2023); Respondents Defense Distributed, Second Amendment Foundation, Inc., and Not An LLC, LLC's Opposition to Stay at 7 ("The motion [for stay pending appeal] should be denied, if not in full, then at least as to the instant parties."); *id.* ("If nothing else, the parties that established APA violations below are entitled to relief for the duration of the appeal."), 2023 WL 5112206 (Aug. 2, 2023).

Polymer80 pending Fifth Circuit and Supreme Court review. Polymer80 made the same arguments to the Supreme Court in opposing a stay that it made to this Court in seeking the PI/TRO: that it would likely succeed in its arguments that the Rule's regulation of weapon parts kits and partially complete frames and receivers exceeded Defendants' statutory authority, *see* Respondents VanDerStok, Andren, Tactical Machining, Firearms Policy Coalition, Inc., and Polymer80, Inc.'s Response in Opposition to Stay, *Garland v. VanDerStok*, No. 23A82, at 11-22 (U.S. Aug. 2, 2023), that it would "face irreparable injury" if the Rule were to remain in effect, *id.* at 38, and that the balance of equities weighed against allowing the Rule to be in effect during the pendency of litigation, *id.* at 29-39; *compare* Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 15, at 12-14, 21-24. The Supreme Court necessarily rejected those arguments in determining that the Rule should remain in effect, including as to Polymer80. Therefore, the Court should vacate the PI/TRO.

## CONCLUSION

The Court should lift the stay of this case that it entered on July 12, 2023. The Court should dismiss this lawsuit under the claim-splitting doctrine, or alternatively, should vacate the PI/TRO during the pendency of the Supreme Court Stay Order and Defendants' appeal in this action. To the extent that the Court determines that it lacks jurisdiction to award any of this relief as a result of the pending interlocutory appeal, the Court should enter an indicative ruling under Federal Rule of Civil Procedure 62.1, stating that it would grant such relief if the Fifth Circuit remands for that purpose.

DATED: August 18, 2023                    Respectfully submitted,

                                                            BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
DANIEL RIESS
TAISA GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov
*Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1, I certify that counsel for Plaintiff (Jay Porter and Marc Nardone) and counsel for Defendants (Jeremy S.B. Newman and Daniel Riess) held a telephone conference on this motion on August 17, 2023. The motion is opposed. Despite good faith discussion, the parties were unable to come to agreement, as counsel for Plaintiff indicated that Plaintiff would oppose this motion.

*/s/ Jeremy S.B. Newman*

## **CERTIFICATE OF SERVICE**

On August 18, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jeremy S.B. Newman*