## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| POLYMER80, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No.** |
| | ) | **4:23-cv-00029-O** |
| MERRICK GARLAND, in his official | ) | |
| capacity as Attorney General of the United | ) | |
| States; UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE; STEVEN DETTELBACH, | ) | |
| in his official capacity as Director of the | ) | |
| Bureau of Alcohol, Tobacco, Firearms and | ) | |
| Explosives; and BUREAU OF ALCOHOL, | ) | |
| TOBACCO, FIREARMS AND | ) | |
| EXPLOSIVES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**POLYMER80, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO LIFT STAY, TO DISMISS ACTION, AND TO VACATE PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, OR FOR AN INDICATIVE RULING**

Polymer80, Inc. ("Polymer80") respectfully submits this Response in Opposition to Defendants' Motion to Lift Stay, to Dismiss Action, and to Vacate Preliminary Injunction and Temporary Restraining Order, or for an Indicative Ruling. (Doc. 39).

The Court entered a preliminary injunction and stayed this case pending the outcome of the *VanDerStok* appeal, No. 23-10718 (5th Cir.). (Docs. 27, 38). Defendants now ask the Court to lift the stay, dismiss the action, and dissolve Polymer80's preliminary injunction and temporary restraining order, or at least issue an indicative ruling. (Doc. 39). For support, Defendants rely solely on (1) a contorted reading of the Supreme Court's contextually irrelevant Stay Order, which stayed *VanDerStok* only insofar as it provided for nationwide vacatur, that is not applicable in this case; and (2) their own decision not to pursue appellate review of Polymer80's intervention in *VanDerStok*.

1

Defendants fail to identify any compulsory or discretionary reason to disturb the stay or the Court's properly issued relief. The Supreme Court's narrow Stay Order cannot be read to foreclose Polymer80's entitlement to individualized injunctive relief, and Defendants' request to dissolve Polymer80's relief violates their agreement with Polymer80 not to seek a stay of the injunction. And Defendants' rehash of their claim-splitting argument still fails to warrant discretionary dismissal. The Court should summarily deny Defendants' motion.

## BACKGROUND

Polymer80 moved to intervene in *VanDerStok* on January 9, 2023. (Doc. 157, No. 4:22-cv-00691-O ("*VanDerStok*")). Shortly thereafter, Polymer80 filed this action that was—and still is—necessary to protect its rights and corporate existence. (Doc. 1). In March 2023, the Court granted Polymer80 a preliminary injunction and temporary restraining order ("PI/TRO") barring Defendants from enforcing their unlawful regulatory definitions of "frame or receiver" and "firearm" within the challenged Final Rule. (Doc. 27); s*ee* Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022); 27 C.F.R. § 478.11 (definition of "firearm"); *id.* § 478.12(c).

Defendants noticed an interlocutory appeal of the PI/TRO. (Doc. 34). Polymer80 and Defendants agreed that Polymer80 would consent to Defendants' appellate motion "to hold the appeal in abeyance pending the Fifth Circuit's decision" in *VanDerStok*, on the unqualified condition that "the government won't request a stay of the injunction." (App'x at 002–003 (Email Exchange of May 24–26, 2023)). The Fifth Circuit granted Defendants' unopposed motion to stay. (Doc. 20, No. 23-10527 (5th Cir. June 8, 2023)).

In June, the *VanDerStok* Court granted Polymer80's motion to intervene, (*VanDerStok*, Doc. 227 at 16), granted other plaintiffs' motions for summary judgment on their claims that

Defendants' definitions of "frame or receiver" and "firearm" exceeded ATF's statutory authority, (*id.* at 23–35), and issued a nationwide vacatur of the entire Final Rule, (*id.* at 35–37; *see also VanDerStok*, Doc. 231 (final judgment)). Defendants moved for an emergency stay pending appeal that objected to (1) the Court's conclusion that the challenged provisions violated the plain meaning of the Gun Control Act, and (2) the Court's issuance of a nationwide vacatur of the entire Final Rule. (*VanDerStok*, Doc. 236). The Court denied the motion but granted a seven-day stay for purposes of seeking relief from the Fifth Circuit. (*VanDerStok*, Doc. 238).

The *VanDerStok* Defendants then moved the Fifth Circuit for a stay pending appeal. (App'x at 004–027 (Defs.–Appellees' Emergency Motion Pursuant to Circuit Rule 27.3 for Stay Pending Appeal, Doc. 9, No. 23-10718 (5th Cir. July 18, 2023))). Those Defendants again challenged the Court's rulings on the merits and the issuance of nationwide vacatur of the entire Final Rule. (*Id.* at 014–022). The Fifth Circuit motions panel declined to stay vacatur of the challenged provisions but granted a stay with respect to vacatur of unchallenged parts of the Final Rule. (App'x at 028–032 (Unpublished Order, *VanDerStok v. Garland*, Doc. 45-1, No. 23-10718 (5th Cir. July 24, 2023))).

Finally, Defendants petitioned the Supreme Court to stay *VanDerStok*. (App'x at 033–076 (Supreme Court Stay Application)). There, they challenged the Court's determinations that the challenged provisions were promulgated in excess of statutory authority (*id.* at 051–062) and the Court's issuance of nationwide vacatur (*id.* at 062–069). The Supreme Court granted Defendants' application and stayed pending appeal the Court's summary-judgment order and final judgment "insofar as they vacate the final rule." (App'x at 077–078 (Order, *Garland v. VanDerStok*, No. 23A82 (U.S. Aug. 8, 2023) ("Supreme Court Stay Order"))).

Meanwhile, in this case, the Court on June 30 ordered Polymer80 to either "file appropriate dismissal papers" or "a notice informing the Court why dismissal at this juncture is inappropriate." (Doc. 36). Polymer80 explained that "[d]ismissal of this action is inappropriate at this time and potentially prejudicial because Defendants can challenge Polymer80's *Vanderstok* intervention on appeal." (Doc. 37 at 2). Despite invitation by the Court, (Doc. 36), Defendants did not respond. The Court then stayed this case: "Having considered [Polymer80's notice] and finding good cause, the Court **STAYS** this action pending the outcome of any potential appeal by the Government of Polymer80's intervention in a related case." (Doc. 38). Nothing has changed that would disturb this decision.

Nevertheless, Defendants now return and ask the Court to lift the stay and either dismiss the case or dissolve the PI/TRO, or at least to issue an indicative ruling under Rule 62.1. (Doc. 39). For support, they rely solely upon their overly broad reading of the limited Supreme Court Stay Order and their voluntary forfeiture of appellate review of Polymer80's *VanDerStok* intervention.

## ARGUMENT

Defendants' arguments do not justify the dismissal of this case or the dissolution of the PI/TRO, either of which could put Polymer80 out of business. The Court should summarily deny their motion in full and maintain the *status quo* pending the outcome of *VanDerStok*.

### I.   The Court should not lift its stay of *Polymer80* or vacate the PI/TRO.

Defendants argue that that "the Supreme Court Stay Order is a material new development," which they urge supports both lifting the stay and dissolving the PI/TRO. (Doc. 39 at 2, 6–7). Defendants misconstrue the Stay Order, erroneously arguing that the Supreme Court "iss[ued] a *full* stay," "necessarily determined that the government is likely correct that relief should not be granted to *VanDerStok* plaintiffs in particular, including Polymer80," and determined "that the

4

Rule should remain in effect." (*Id.* at 6). Defendants' reading is unsupported by the plain language of the narrow and carefully crafted Supreme Court Stay Order, which does not justify Defendants' request to lift the stay in this case. Allowing the PI/TRO to remain in effect in no way "conflict[s] with the relief granted by the Supreme Court." (*Id.* at 5).

1.      A common sense reading of the Supreme Court Stay Order demonstrates that it has no bearing on Polymer80's entitlement to individualized injunctive relief here. In their requests for stays in district court, at the Fifth Circuit, and at the Supreme Court, Defendants challenged the *VanDerStok* rulings on the issues of statutory authority (*i.e.*, the merits) and nationwide vacatur (*i.e.*, the relief). But the Supreme Court Stay Order is self-evidently limited to the vacatur issue, by staying the *VanDerStok* summary-judgment order and final judgment only "insofar as they vacate the final rule." (App'x at 078). The term "insofar as" limits the scope of the stay to the issue of vacatur, which is not relevant to the PI/TRO in this case because the Court has not vacated anything here. *See N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995) (explaining that ERISA's use of "insofar as they . . . relate" as "words of limitation"); *see also Insofar As*, Black's Law Dictionary (11th ed. 2019) (defining "insofar as" to mean "[t]o the degree or extent that"). The express limitation on the scope of the Stay Order only to vacatur stands in sharp contrast to other Supreme Court stay orders that **lack** similar qualifying language. *See, e.g.*, *Danco Lab'ys, LLC v. All. for Hippocratic Med.*, 143 S. Ct. 1075 (2023) (mem.) (stating without qualification that the "order of the United States District Court for the Northern District of Texas, case No. 2:22–cv–223, is stayed"). And it should be presumed that the Court's "insofar as" limitation was both "intentional[] and purpose[ful]." *See Collins v. Yellen*, 141 S. Ct. 1761, 1782 (2021). The only way to keep faith with the Court's language, intent, and purpose is to construe the stay as limited to vacatur.

2.      The Court should reject Defendants' law-of-the-case argument that the Stay Order forecloses Polymer80's injunction in this case. The law-of-the-case doctrine "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues **<u>expressly or impliedly decided</u>** by the appellate court." *Gen. Univ. Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (emphasis added and citation omitted). An issue is impliedly decided if it was "decided 'by necessary implication,'" which refers to "matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed." *In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001).

The Stay Order neither expressly nor impliedly decided any issue material to Polymer80's entitlement to injunctive relief and therefore does not foreclose such relief. To begin, the Stay Order was not even issued in this case. Even more importantly, the Stay Order did not expressly resolve whether the challenged provisions are consistent with ATF's statutory authority or whether individualized injunctive relief is a proper remedy. To the contrary, the Stay Order is self-evidently limited to vacatur. (App'x at 078). Nor did the Stay Order impliedly decide either issue. Although statutory authority was extensively briefed, a ruling on that issue (*i.e.*, the merits) was not a "necessary predicate[] to the ability to address" the appropriateness of nationwide vacatur (*i.e.*, the relief). *In re Felt*, 255 F.3d at 225.

Likewise, individualized injunctive relief—distinct from vacatur—was not at issue in the Supreme Court proceedings. Although Polymer80 and other parties opposing the stay application requested in the alternative that the Supreme Court at least permit vacatur as applied to the parties, (*see* Doc. 39 at 6 n.4), the parties' entitlement to individualized injunctive relief was indisputably neither "fully briefed" nor a "necessary predicate[]" to the stay. *In re Felt*, 255 F.2d at 225. The Stay Order cannot be the law of the case on that issue and does not foreclose Polymer80's PI/TRO.

The Supreme Court did not determine that the challenged provisions are immune from administrative challenges or the issuance of individualized injunctive relief. It merely stayed the issuance of a specific kind of relief not presently at issue in this case. That does not foreclose Polymer80's entitlement to preliminary injunctive relief. And the Court should not dissolve Polymer80's PI/TRO on the ground that a sharply divided Supreme Court hesitated to endorse preliminarily the issuance of nationwide vacatur of the entire Final Rule.

3.      Defendants' promise to Polymer80 during negotiations, seeking Polymer80's consent to Defendants' motion to hold their appeal in abeyance, that Defendants "won't request a stay of the injunction" independently justifies denial of their pending motion. (*See* App'x at 001–003). Counsel for Defendants wrote: "I represent the federal government in connection with the appeal in *Polymer80 v. Garland*, No. 23-10527 (5th Cir.). The government intends to move to hold the appeal in abeyance pending the Fifth Circuit's decision in the related case *VanDerStok v. Garland*, Nos. 22-11071, 22-11086, which presents similar issues and has been fully briefed. If you could let me know whether the appellees in *Polymer80* would consent to that motion, I would appreciate it." (App'x at 003).

Counsel for Polymer80 replied: "We would consent to that motion provided that the government will not request a stay of the injunction." (*Id.* at 002).

In return, counsel for Defendants promised: "Thanks for the response—we can represent that the government won't request a stay of the injunction." (*Id.*).

No reasonable reader could accept that this exchange authorizes Defendants to request that this Court vacate the preliminary injunction because the Supreme Court stayed *VanDerStok* insofar as its nationwide vacatur. Defendants did not qualify their representation in any way. (*Id.* at 002). Polymer80's forbearance of its right to oppose Defendants' motion to hold an appeal in abeyance

is sufficient consideration to create a binding contract. The present motion violates that agreement with Polymer80. This Court should hold Defendants to their promise.

The Supreme Court Stay Order does not justify either lifting the stay of this case pending the outcome of *VanDerStok* or the dissolution of Polymer80's PI/TRO. And Defendants' agreement with Polymer80 to not request a stay of that preliminary injunction further supports denying their motion.

## II.     Defendants' rehashed claim-splitting argument still does not warrant dismissal.

Defendants repeat their erroneous argument that the claim-splitting doctrine bars Polymer80 from obtaining relief. (*Compare* Doc. 39, *with VanDerStok*, Doc. 206). The Court should again reject that claim. Dismissal of this case remains inappropriate even though Defendants forfeited appellate review of Polymer80's intervention in *VanDerStok*. Polymer80 respectfully requests that the Court not exercise its discretion to dismiss this case prior to resolution of appellate review in *VanDerStok*.

As in earlier briefing, Defendants ignore that the claim-splitting "rule permits—but does not require—a court to dismiss a second complaint that 'alleg[es] the same cause of action as a prior, pending, related action.'" (Doc. 227 at 14 (quoting *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996))). Indeed, "[t]he claim-splitting rule is permissive . . . and does not require the Court to take any action at all." (*Id.*). *See Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (explaining that "the second complaint *may* be dismissed" under the claim-splitting doctrine (emphasis added)). As with other abstention doctrines, "[a] dismissal on this ground has been viewed as a matter of docket management," Charles A. Wright, et al., Fed. Prac. & Proc. § 4406 (3d ed. Apr. 2023 update), and the Court's decision should "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial

resources and comprehensive disposition of litigation.'" *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). As it has from this case's inception, Polymer80's corporate existence depends on the preliminary injunctive relief properly issued in this case. That is sufficient cause to refrain from dismissing *Polymer80* pending the outcome of the expedited *VanDerStok* appeal.

Although Defendants elected not to challenge Polymer80's *VanDerStok* intervention on appeal, (*see* Br. for Appellants, *VanDerStok v. Garland*, Doc. 77, No. 23-10718 (5th Cir. Aug. 9, 2023)), the Court should not dismiss this case at least until the *VanDerStok* appeal is resolved—as it has already ordered, (*see* Doc. 38 ("[T]he Court **STAYS** this action pending the outcome of any potential appeal by the Government of Polymer80's intervention in a related case.")). Polymer80's filing of this case shortly after moving to intervene in *VanDerStok* was absolutely necessary to protect Polymer80's rights and corporate existence. (*See* Doc. 37 at 2 ("These lawsuits are Polymer80's only means of protection from the unlawful actions by the federal government that sought to put Polymer80 out of business.")). That remains equally true today, as Defendants are misusing the Supreme Court Stay Order in a transparent effort to enforce unlawful regulatory provisions that will render a death blow to Polymer80 in the absence of this Court's preliminary injunction. It is difficult to fathom better cause for rejecting Defendants' request for dismissal.

Defendants make no effort to substantively contest this Court's holding that the challenged provisions violate the Gun Control Act or that Polymer80 is entitled to individualized injunctive relief; because they cannot. (*See* Doc. 27). They similarly failed to meaningfully rebut *VanDerStok* parties' requests for similar injunctive relief pending appeal (*See VanDerStok*, Docs. 256, 257 (Blackhawk and Defense Distributed's replies explaining why each should be afforded injunctive relief pending appeal)). Given the Court's broad discretion over the claim-splitting issue, as well

9

as Defendants' unlawful regulatory provisions and breach of their agreement not to seek a stay of

the preliminary injunction, this Court should not disturb the *status quo* of its Order Staying Case.

(Doc. 38). Despite Defendants' assertion to the contrary, there remain many "reason[s] to continue

to allow Polymer80 to maintain a separate, duplicative action." (*See* Doc. 39 at 5). Polymer80

respectfully requests that this Court not exercise its discretion to dismiss *Polymer80* under the

claims-splitting doctrine.

**\* \* \***

For the reasons above, this Court should summarily deny Defendants' motion to lift the

stay, to dismiss the action, and to vacate Polymer80's PI/TRO, or for an indicative ruling.

Dated: September 8, 2023

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By:   */s/ Dennis L. Daniels Jr.*
DENNIS L. DANIELS JR.
Texas Bar No. 24107402
dldaniels@bradley.com
3600 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
Telephone: (214) 257-9800
Facsimile: (214) 939-8787

JAMES W. PORTER, III (*pro hac vice*)
One Federal Place, 1819 5th Avenue N.
Birmingham, AL 35203
Telephone: (205) 521-8525
jporter@bradley.com

MARC A. NARDONE (*pro hac vice*)
1615 L Street NW, Suite 1350
Washington, DC 20036
Telephone: (202) 719-8256
mnardone@bradley.com

**ATTORNEYS FOR POLYMER80, INC.**

10

## CERTIFICATE OF SERVICE

I certify that on September 8, 2023, the foregoing document was served, via the Court's

CM/ECF Document Filing System, upon the registered CM/ECF users in this action.


*/s/ Dennis L. Daniels Jr.*
Dennis L. Daniels Jr.