# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| POLYMER80, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>   Defendants. | Case No. 4:23-cv-00029-O |

**NOTICE OF RECENT AUTHORITY IN SUPPORT OF MOTION TO LIFT STAY, DISMISS ACTION, AND VACATE PRELIMINARY INJUNCTIVE RELIEF**

Defendants respectfully submit this Notice of Recent Authority in support of Defendants' pending Motion to Lift Stay, to Dismiss Action, and to Vacate Preliminary Injunction and Temporary Restraining Order, or for an Indicative Ruling, ECF No. 39 ("Mot." or "Motion"), to notify the Court that in *VanDerStok v. Garland*, the Supreme Court recently issued an order vacating injunctions that this Court had entered in favor of two plaintiffs, Defense Distributed and BlackHawk Manufacturing Group Inc. *See* Order in Pending Case, *Garland v. BlackHawk Mfg.*, 23A302 (U.S. Oct. 16, 2023) (attached as Exhibit 1) (Supreme Court Vacatur Order). As explained below, this order shows that the Court should grant the Motion. Defendants respectfully request that the Court grant the Motion promptly, by no later than November 1, 2023, and that the Court either dismiss this action or vacate the preliminary injunctive relief entered in this case.

In *VanDerStok*, this Court granted motions filed by Defense Distributed and BlackHawk for an injunction against enforcement of two provisions of the Rule,[1] pending Fifth Circuit and potential Supreme Court review.[2] Defendants moved in the Fifth Circuit to vacate those injunctions, and the Fifth Circuit granted that motion in part and denied it in part, narrowing the injunctions so as not to apply to the movants' customers but otherwise leaving the injunctions in place.[3]

Defendants submitted an application in the Supreme Court to vacate the injunctions entered by this Court, as narrowed by the Fifth Circuit.[4] Defendants argued, among other things, that the injunctions in favor of Defense Distributed and BlackHawk could not stand because the Supreme Court's prior stay of this Court's vacatur of the Rule in *VanDerStok*[5] "reflects an authoritative determination that the government should be allowed to implement the Rule during appellate proceedings."[6] In opposition, Defense Distributed argued that "Defense Distributed should retain what the courts below rightly upheld: A party-specific injunction against ATF's enforcement of the Rule that serves all of equity's interests and respects the Court's stay."[7]

---

[1] Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022).
[2] *See* Opinion & Order on Defense Distributed and BlackHawk Manufacturing Group Inc. d/b/a/ 80 Percent Arms' Emergency Motions for Injunctive Relief Pending Appeal, *VanDerStok*, 4:22-cv-00691-O, ECF No. 261 (N.D. Tex. Sept. 14, 2023).
[3] *See* Unpublished Order, *VanDerStok v. Garland*, No. 23-10718 (5th Cir. Oct. 2, 2023).
[4] *See* Application to Vacate the Injunction Pending Appeal Entered by the United States District Court for the Northern District of Texas, *Garland v. Defense Distributed*, No. 23A302 (U.S. Oct. 5, 2023) (Vacatur Application).
[5] *Garland v. VanDerStok*, No. 23A82 (U.S. Aug. 8, 2023) (Supreme Court Stay Order).
[6] Vacatur Application at 2.
[7] Brief in Opposition of Defense Distributed 1, *Garland v. Defense Distributed*, No. 23A302 (U.S. Oct. 11, 2023) (Defense Distributed Opp.). BlackHawk similarly argued that the lower courts' injunction orders "were correct as a matter of applicable legal authority, justified as a matter of basic fairness and, notwithstanding the Government's claim, respectful to the [Supreme] Court's Order [staying vacatur of the Rule]." BlackHawk Manufacturing Group, Inc.'s Response to Application to Vacate the Injunction Pending Appeal Entered by the United States District Court for the Northern District of Texas 7, *Garland v. Defense Distributed*, No. 23A302 (U.S. Oct. 11, 2023) (BlackHawk Opp.).

On October 16, 2023, the Supreme Court entered an order granting Defendants' application to vacate the injunction, with no noted dissents. *See* Supreme Court Vacatur Order. The order reads: "The application to vacate injunction presented to Justice Alito and by him referred to the Court is granted. The September 14, 2023 order of the United States District Court for the Northern District of Texas, case No. 4:22-cv-691, is vacated." *Id.*

The Supreme Court Vacatur Order reinforces the Supreme Court's determination in the Supreme Court Stay Order that while the Rule's lawfulness is determined in the appellate system, Defendants should be allowed to implement the Rule and regulated parties should not have relief protecting them from the Rule's operation. The preliminary injunctive relief that this Court granted to Plaintiff Polymer80, Inc. (Polymer80) is as inconsistent with the Supreme Court's orders as the injunctions the Supreme Court recently vacated. *See* Mot. 5-7. The Supreme Court necessarily determined that Defendants had shown the requisite likelihood of success on the merits to *vacate* preliminary injunctive relief, *see Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring) (interim Supreme Court relief requires showing "a reasonable probability that this Court would eventually grant review and a fair prospect that the Court would reverse"), which conflicts with this Court's determination that Polymer80 had shown the requisite likelihood of success on the merits to *grant* preliminary injunctive relief.

Furthermore, the Supreme Court necessarily credited Defendants' arguments that they "would likely suffer irreparable harm" from injunctive relief in favor of BlackHawk and Defense Distributed and that "the equities" weighed in favor of vacating those party-specific injunctions, *id.* at 880, given Defendants' evidence that the availability of ghost guns endangers public safety, *see* Decl. of Matthew P. Varisco, *VanDerStok*, ECF No. 236-1 (declaration from ATF official showing irreparable harm from inability to implement the Rule). Those conclusions apply to Polymer80 with even greater force. Polymer80 is most likely the single largest manufacturer of the partially complete frames and receivers

3

and weapon parts kits that are used to make ghost guns. In a January 2023 report, ATF noted that Polymer80 was identified as the manufacturer of more than 88% of suspected privately made firearms recovered from crime scenes for which a manufacturer was identified. *See* ATF, National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Gun Intelligence and Analysis Volume Two, Part III, at 22 (Jan. 11, 2023).[8] And Polymer80 declares itself to be "the industry leader in the design, manufacture, and distribution of receiver blanks, jigs, and associated kits." Compl. ¶ 2. ATF has found that certain partially complete pistol frames sold by Polymer80 can be converted into a functional frame "within minutes" by "a person with novice skill, using common tools, such as a Dremel-type rotary tool" merely by removing "temporary rails or blocking tabs that are easily removable." ATF, Open Letter to All Federal Firearms Licensees, at 6 (Dec. 27, 2022), ECF No. 1-2. Given the Supreme Court's conclusion that injunctions benefiting two smaller participants in the market irreparably harmed Defendants and that the equities weighed against such injunctions, it follows that the equities weigh against maintaining preliminary injunctive relief in Polymer80's favor. Although Polymer80 has argued that the equities weigh in its favor because the application of the Rule purportedly threatens its business, BlackHawk and Defense Distributed made the same arguments in opposing vacatur of their injunctions,[9] and the Supreme Court necessarily rejected those arguments. The Court should do the same here.

Moreover, as a result of the Supreme Court Vacatur Order, no plaintiff in *VanDerStok* other than Polymer80 currently enjoys protection from enforcement of the Rule. Polymer80 enjoys such protection solely because it is maintaining duplicative actions, pursuing identical claims in this action

---

[8] https://www.atf.gov/firearms/national-firearms-commerce-and-trafficking-assessment-nfcta-crime-guns-volume-two.
[9] *See* Defense Distributed Opp. 16-18 (arguing that the equities weighed in favor of maintaining injunctive relief for Defense Distributed to prevent "irreparable and existential" harm to Defense Distributed's business and "ensur[e] that Defense Distributed survives"); BlackHawk Opp. 8 (arguing that the equities weighed in favor of injunctive relief because the Rule would purportedly "destroy BlackHawk's business model and force the company to close its doors").

4

and in *VanDerStok* (where Polymer80 is an intervenor-plaintiff and an appellee in the ongoing Fifth Circuit appeal, and Polymer80's status as a party is secure because Defendants elected not to appeal this Court's decision to allow Polymer80 to intervene). Polymer80's tactical advantage by virtue of maintaining duplicative litigation underscores that this Court should remedy Polymer80's claim splitting by dismissing this action. *See* Mot. 2-5.

In light of the irreparable harm and danger to public safety caused by the easy accessibility of ghost guns, Defendants respectfully request that the Court grant the Motion promptly, by no later than November 1, 2023, and that the Court either dismiss this action or vacate the preliminary injunctive relief entered in this case.

DATED: October 25, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
DANIEL RIESS
TAISA GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

On October 25, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jeremy S.B. Newman*