## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

POLYMER80, INC.,

     Plaintiff,

  v.

MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

     Defendants.

Case No. 4:23-cv-00029-O

## DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION

Defendants respectfully request that the Court stay its order granting preliminary injunctive relief, ECF No. 27 ("preliminary injunction"), which enjoins the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) from implementing and enforcing certain provisions of the Rule[1] against Plaintiff Polymer80, Inc. (Polymer80) and its customers, pending the resolution of the interlocutory appeal of the preliminary injunction, and pending appellate and Supreme Court review of the order vacating the Rule in *VanDerStok v. Garland*, No. 4:22-cv-00691-O (N.D. Tex.).  The Supreme Court has twice made clear that ATF should be permitted to enforce the Rule against all parties, including Polymer80, pending the resolution of litigation challenging the Rule.  The Supreme

---

[1] Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022).

Court first stayed this Court's vacatur of the Rule over Polymer80's objections, *Garland v. VanDerStok*, No. 23A82 (U.S. Aug. 8, 2023) (Supreme Court Stay Order), and it later vacated injunctions pending appeal entered by this Court in favor of *VanDerStok* plaintiffs BlackHawk Manufacturing Group, Inc., and Defense Distributed, Order in Pending Case, *Garland v. BlackHawk Mfg.*, 23A302 (U.S. Oct. 16, 2023) (Supreme Court Vacatur Order).  These two orders reflect the Supreme Court's authoritative determination that Defendants should be able to implement the Rule against all parties while challenges to the Rule are being adjudicated in the courts.  Polymer80's continued injunctive relief is inconsistent with that determination.  Furthermore, the Supreme Court's rulings necessarily demonstrate that Defendants have satisfied each of the equitable factors for a stay: they have shown the requisite likelihood of success on the merits, that party-specific injunctive relief would irreparably harm Defendants, and that the balance of the equities favors a stay.

Defendants request a ruling as soon as possible, and no later than November 13, 2023.  If Defendants do not obtain relief from this Court by that date, Defendants intend to seek appropriate relief from the Fifth Circuit.[2]

## LEGAL STANDARD

Courts typically consider four factors in evaluating a request for a stay pending appeal: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant will be irreparably harmed if the stay is not granted; (3) whether issuance of the stay will substantially harm the other parties; and (4) whether the granting of the stay serves the public interest. *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014).  The last two factors merge when the federal government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).  "Moreover, [the Fifth

---

[2] Defendants' motion to dismiss this action on the basis of claim splitting or to vacate the preliminary injunction is pending and has been fully briefed since September 22.  *See* ECF Nos. 39, 40, 42, 43.  If the Court grants that motion and either dismisses the action or vacates the preliminary injunction, such relief would moot this motion.

Circuit] ha[s] recognized that a movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (internal quotations omitted) (quoting *United States v. Baylor Univ. Med. Ctr.,* 711 F.2d 38, 39 (5th Cir. 1983)).

## ARGUMENT

I.     **The Supreme Court's Rulings Demonstrate That Defendants Should Be Permitted To Implement The Rule Against Polymer80 Pending Appellate Review**

The Supreme Court has twice determined that the federal government should be permitted to implement the Rule against all parties, including Polymer80 specifically, pending appellate review. The continued effect of the PI/TRO conflicts with the Supreme Court's authoritative determinations.

First, the Supreme Court stayed the *VanDerStok* court's opinion and final judgment insofar as they vacated the Rule, pending Fifth Circuit review of the appeal in *VanDerStok* and any Supreme Court review. *See* Supreme Court Stay Order. The Supreme Court declined to grant an exception to this stay with respect to the parties in this case, despite the fact that the *VanDerStok* plaintiffs— including Polymer80—specifically requested that the Supreme Court limit any stay to non-parties.[3] Additionally, although Defendants' Supreme Court stay application primarily requested a full stay of the Rule's vacatur, on the grounds that the government is likely to prevail on the merits of plaintiffs' claims by demonstrating that the Rule's challenged provisions comport with the statute, *see* Application

---

[3] *See* Respondents Vanderstok, Andren, Tactical Machining, Firearms Policy Coalition, Inc., and Polymer80, Inc.'s Opposition to Stay at 5 (arguing in the alternative that "[i]f the Court is inclined to grant the Government's motion to any extent, . . . , the Court should limit any stay to applications of the vacatur order that exceed the scope of the preliminary injunction"), 36 ("While the Court should deny the stay in its entirety, in the alternative the Court should deny it at least to the extent it seeks a stay of the vacatur with respect to the entities and individuals that were covered by the preliminary injunction."), *Garland v. Vanderstok*, __ S. Ct. __, No. 23A82, 2023 WL 5023383 (Aug. 2, 2023); Respondents Defense Distributed, Second Amendment Foundation, Inc., and Not An LLC, LLC's Opposition to Stay at 7 ("The motion [for stay pending appeal] should be denied, if not in full, then at least as to the instant parties."); *id.* ("If nothing else, the parties that established APA violations below are entitled to relief for the duration of the appeal."), 2023 WL 5112206 (Aug. 2, 2023).

for a Stay of the Judgment Entered by the United States District Court for the Northern District of Texas, *Garland v. VanDerStok*, No. 23A82, 2023 WL 4844058 at *16-27 (Stay Application), the government argued that this Court's universal vacatur was impermissible and overbroad and requested, in the alternative, that the Supreme Court stay the judgment as to nonparties. *See id.* at *27-34 (arguing that this Court should not have awarded universal relief); *see id.* at 40 ("The application for a stay of the district court's judgment vacating the Rule should be granted. At a minimum, the Court should stay the district court's judgment to the extent it applies to nonparties.").

The Supreme Court rejected Polymer80's arguments and issued a *full* stay. In declining to grant plaintiffs' specific request that the scope of any stay be limited to exempt the plaintiffs, the Supreme Court necessarily determined that the government is likely correct that relief should not be granted to the *VanDerStok* plaintiffs, including Polymer80 in particular. Consequently, continued injunctive relief for Polymer80 conflicts with the Supreme Court's decision.

After entry of Supreme Court Stay Order, the Supreme Court again granted relief to Defendants to clarify that even party-specific injunctive relief was inappropriate. In *VanDerStok*, this Court granted motions filed by two plaintiffs, Defense Distributed and BlackHawk Manufacturing Group Inc., for an injunction against enforcement of two provisions of the Rule, pending Fifth Circuit and potential Supreme Court review.[4] Defendants moved in the Fifth Circuit to vacate those injunctions, and the Fifth Circuit granted that motion in part and denied it in part, narrowing the injunctions so as not to apply to the movants' customers but otherwise leaving the injunctions in place.[5]

---

[4] *See* Opinion & Order on Defense Distributed and BlackHawk Manufacturing Group Inc. d/b/a/ 80 Percent Arms' Emergency Motions for Injunctive Relief Pending Appeal, *VanDerStok*, 4:22-cv-00691-O, ECF No. 261 (N.D. Tex. Sept. 14, 2023).
[5] *See* Unpublished Order, *VanDerStok v. Garland*, No. 23-10718 (5th Cir. Oct. 2, 2023).

Defendants submitted an application in the Supreme Court to vacate the injunctions entered by this Court, as narrowed by the Fifth Circuit.[6] Defendants argued, among other things, that the injunctions in favor of Defense Distributed and BlackHawk could not stand because the Supreme Court's prior stay of this Court's vacatur of the Rule in *VanDerStok* "reflects an authoritative determination that the government should be allowed to implement the Rule during appellate proceedings."[7] In opposition, Defense Distributed argued that "Defense Distributed should retain what the courts below rightly upheld: A party-specific injunction against ATF's enforcement of the Rule that serves all of equity's interests and respects the Court's stay."[8]

On October 16, 2023, the Supreme Court entered an order granting Defendants' application to vacate the injunction, with no noted dissents. *See* Supreme Court Vacatur Order. The order reads: "The application to vacate injunction presented to Justice Alito and by him referred to the Court is granted. The September 14, 2023 order of the United States District Court for the Northern District of Texas, case No. 4:22-cv-691, is vacated." *Id.* This order reinforces the Supreme Court's determination that while the Rule's lawfulness is determined in the appellate system, Defendants should be allowed to implement the Rule and regulated parties should not have relief protecting them from the Rule's operation. The preliminary injunction entered in Polymer80's favor in this case is as inconsistent with the Supreme Court's orders as the injunctions the Supreme Court recently vacated.

---

[6] *See* Application to Vacate the Injunction Pending Appeal Entered by the United States District Court for the Northern District of Texas, *Garland v. Defense Distributed*, No. 23A302 (U.S. Oct. 5, 2023).
[7] *Id.* at 2.
[8] Brief in Opposition of Defense Distributed 1, *Garland v. Defense Distributed*, No. 23A302 (U.S. Oct. 11, 2023) (Defense Distributed Opp.). BlackHawk similarly argued that the lower courts' injunction orders "were correct as a matter of applicable legal authority, justified as a matter of basic fairness and, notwithstanding the Government's claim, respectful to the [Supreme] Court's Order [staying vacatur of the Rule]." BlackHawk Manufacturing Group, Inc.'s Response to Application to Vacate the Injunction Pending Appeal Entered by the United States District Court for the Northern District of Texas 7, *Garland v. Defense Distributed*, No. 23A302 (U.S. Oct. 11, 2023) (BlackHawk Opp.).

## II.     The Equitable Factors Weigh In Favor Of A Stay

### A.     Defendants Have Shown The Requisite Likelihood Of Success On The Merits

Defendants are likely to prevail on appeal, and at a minimum, have a substantial case on appeal, that the Rule is lawful and consistent with ATF's statutory authority, and that the Court's preliminary injunction in Polymer80's favor is improper.  Defendants respectfully incorporate the arguments made on this point in their motion for a stay pending appeal in *VanDerStok*, another case before this Court where Polymer80 is a plaintiff.  *See* Defendants' Emergency Motion for Stay Pending Appeal, *VanDerStok*, ECF No. 236, at 6-10 (*VanDerStok* Stay Mot.).

Furthermore, the Supreme Court's orders demonstrate that Defendants have made the requisite showing of likelihood of success on the merits to warrant interim relief.  The Supreme Court Stay Order reflected a determination that there is "a reasonable probability" that the Supreme Court "would eventually grant review" and "a fair prospect that the Court would reverse."  *See Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring).[9]  The Supreme Court Vacatur Order reaffirmed that Defendants had made the requisite showing of likelihood of success to defeat a party-specific injunction.

### B.     The PI/TRO Irreparably Harms Defendants

In moving for a stay pending appeal of the Court's vacatur of the Rule in *VanDerStok*, Defendants showed (supported by a declaration of an ATF official) that the government and public would be irreparably harmed by ATF's inability to implement the Rule, given the danger to public safety caused by the ability of any member of the public (including felons and other dangerous individuals prohibited by law from possessing firearms) to obtain products that can easily be used to assemble a fully functional privately made firearm, or ghost gun.  *See VanDerStok* Stay Mot. 2-5;

---

[9] No material difference exists between the Supreme Court's requirement of "a fair prospect" of Supreme Court reversal and the Fifth Circuit's requirement of "a substantial case on the merits when a serious legal question is involved."  *Bryant*, 773 F.3d at 57.

Declaration of Matthew P. Varisco, *VanDerStok*, ECF No. 236-1.  Defendants hereby incorporate that briefing and declaration.

Furthermore, the Supreme Court's orders reflect the Supreme Court's determination that Defendants have shown irreparable harm.  In granting the Supreme Court Stay Order, the Supreme Court necessarily credited Defendants' arguments that they "would likely suffer irreparable harm" from vacatur of the Rule.  *Merrill*, 142 S. Ct. at 880 (Kavanaugh, J., concurring).  Similarly, in granting the Supreme Court Vacatur Order, the Supreme Court necessarily determined that even injunctive relief in favor of two sellers (BlackHawk and Defense Distributed) would cause irreparable harm.

Polymer80 is most likely the single largest manufacturer of the partially complete frames and receivers and weapon parts kits that are used to make ghost guns.  In a January 2023 report, ATF noted that Polymer80 was identified as the manufacturer of more than 88% of suspected privately made firearms recovered from crime scenes for which a manufacturer was identified.  *See* ATF, National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Gun Intelligence and Analysis Volume Two, Part III, at 22 (Jan. 11, 2023).[10]  And Polymer80 declares itself to be "the industry leader in the design, manufacture, and distribution of receiver blanks, jigs, and associated kits."  Compl. ¶ 2.  ATF has found that certain partially complete pistol frames sold by Polymer80 can be converted into a functional frame "within minutes" by "a person with novice skill, using common tools, such as a Dremel-type rotary tool" merely by removing "temporary rails or blocking tabs that are easily removable."  ATF, Open Letter to All Federal Firearms Licensees, at 6 (Dec. 27, 2022).[11]  Therefore, given the Supreme Court's conclusion that injunctions benefiting two smaller participants

---

[10] https://www.atf.gov/firearms/national-firearms-commerce-and-trafficking-assessment-nfcta-crime-guns-volume-two.

[11] https://www.atf.gov/rules-and-regulations/docs/open-letter/all-ffls-dec2022-open-letter-impact-final-rule-2021-05f/download.

in the market irreparably harmed Defendants, it follows that preliminary injunctive relief in Polymer80's favor irreparably harms Defendants.

### C.       The Balance Of Equities Favors A Stay

Defendants previously showed that the balance of equities weigh in favor of staying relief for Polymer80 and other plaintiffs to allow Defendants to implement the Rule while its lawfulness is being determined, and Defendants incorporate that briefing here.  *See VanDerStok* Stay Mot. 2-6.  Moreover, the Supreme Court already necessarily determined that "the equities" weighed in favor of staying the Rule's vacatur and vacating party-specific injunctions.  *See Merrill*, 142 S. Ct. at 880 (Kavanaugh, J., concurring).  Those determinations are controlling in this posture and were correct in any event.  As shown above, the ability of any member of the public to obtain products that can easily be used to complete a ghost gun causes significant and irreparable harm to the government and the public.  By contrast, Polymer80 would suffer minimal, if any, injury from a stay of injunctive relief.  Polymer80 would still be able to sell any of its products.  It would just need to follow the regulatory requirements for selling firearms that tens of thousands of federal firearms licensees already routinely follow.  Staying the preliminary injunction would place Polymer80 in the same position as every other manufacturer of partially complete frames and receivers and weapon parts kits—including Polymer80's co-plaintiffs in *VanDerStok*—all of whom must comply with the Rule under the Supreme Court's previous orders.  Depriving Polymer80 of a unique advantage over its competitors that it obtained by engaging in claim splitting does not irreparably harm Polymer80, and any purported harm to Polymer80 does not outweigh the government's and the public's substantial interest in public safety.

Polymer80 may argue that the equities weigh in its favor because staying its injunction would threaten its business.  But BlackHawk and Defense Distributed made the same arguments in opposing

vacatur of their injunctions,[12] and the Supreme Court rejected those arguments.  The Court should do the same here.

Finally, Polymer80's counsel has informed the government that Polymer80 believes that a stay of the preliminary injunction is precluded by an email statement that the government's counsel previously made to Polymer80's counsel in May.   At that time, counsel were discussing the government's intent to move to hold its interlocutory appeal of the preliminary injunction in this case in abeyance pending the Fifth Circuit's resolution of the then-pending preliminary injunction appeals in *VanDerStok*.  Polymer80's counsel informed the government that Polymer80 would consent to that motion "provided that the government will not request a stay of the injunction."  *See* ECF No. 41, at App'x 002.  Government counsel responded that he could "represent that the government won't request a stay of the injunction."  *Id.*

That statement, made more than five months ago in substantially different circumstances, does not preclude the relief sought here.  Most importantly, the statement was made in the context of Polymer80 conditioning its consent to a motion to hold the government's appeal in this case in abeyance.  But since then, with the removal of the appeal in question from abeyance, *see* Order, No. 23-10527 (5th Cir. Sept. 12, 2023), any conditions on consent to that abeyance have also been removed.  In addition, circumstances have materially changed since May.  As explained, since that time, Polymer80 was permitted to intervene in *VanDerStok*, where it obtained a final judgment and relief that has been stayed by the Supreme Court.  And indeed, Polymer80 has acknowledged the relationship of the two suits in responding to the government's claim-splitting objections to its intervention motion in *VanDerStok*, stating that "Polymer80 could . . . if allowed to participate in

---

[12] *See* Defense Distributed Opp. 16-18 (arguing that the equities weighed in favor of maintaining injunctive relief for Defense Distributed to prevent "irreparable and existential" harm to Defense Distributed's business and "ensur[e] that Defense Distributed survives"); BlackHawk Opp. 8 (arguing that the equities weighed in favor of injunctive relief because the Rule would purportedly "destroy BlackHawk's business model and force the company to close its doors").

[*VanDerStok*] as an intervening party—voluntarily dismiss *Polymer80*, also mooting any claim-splitting objection."  Polymer80's Reply In Support Of Its Motion To Intervene, *VanDerStok*, ECF No. 214, at 2.  But Polymer80 has not followed through on this statement by voluntarily dismissing this separate suit, even in response to this Court's June 30 order directing Polymer80 "to file appropriate dismissal papers" or "to file a notice informing the Court why dismissal at this juncture is inappropriate."  Order, ECF No. 36.  Polymer80 responded to that order by opposing dismissal solely on the basis that "Defendants can challenge Polymer80's *Vanderstok* intervention on appeal," Polymer80, Inc.'s Notice in Response to Court Order, ECF No. 37, at 2, but that reason for opposing dismissal is now inapplicable, because Defendants elected not to challenge Polymer80's intervention in *VanDerStok*.  Yet Polymer80 has opposed Defendants' pending motion to dismiss this action on the basis of claim-splitting.  *See* ECF No. 40.  Government counsel's previous statement thus does not preclude the relief sought in this motion.[13]

## CONCLUSION

Defendants respectfully request that the Court grant this motion and enter an order staying the Court's order granting preliminary injunctive relief, ECF No. 27, pending the resolution of the interlocutory appeal in this matter, and pending the disposition of the appeal in *VanDerStok*, No. 23-10718, and disposition of a petition for a writ of certiorari, if such a writ is timely sought.

---

[13] In any event, as Defendants have previously explained, the email of government counsel made no mention of dismissing this action or vacating the preliminary injunction, so it plainly has no bearing on Defendants' pending motion requesting that this Court either dismiss the action or vacate the preliminary injunction, relief that would moot this motion.  *See* ECF No. 39, at 2 n.3; ECF No. 42, at 6.

DATED: November 3, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
DANIEL RIESS
TAISA GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 532-3114
Email:  jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1, I certify that counsel for Plaintiff and counsel for Defendants conferred on this motion by email on November 3, 2023. The motion is opposed, as counsel for Plaintiff indicated that Plaintiff would oppose the relief sought in this motion.

*/s/ Jeremy S.B. Newman*

## CERTIFICATE OF SERVICE

On November 3, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jeremy S.B. Newman*