IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **POLYMER80, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. |
| **MERRICK GARLAND,** in his official | ) 4:23-cv-00029-O |
| capacity as Attorney General of the United | ) |
| States, *et al.*, | ) |
| | ) |
| Defendants. | ) |

<u>**POLYMER80'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
PRELIMINARY INJUNCTION AND MOTION FOR SANCTIONS**</u>

**BRADLEY ARANT BOULT CUMMINGS LLP**

DENNIS L. DANIELS JR.
Texas Bar No. 24107402
dldaniels@bradley.com
3600 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
Telephone: (214) 257-9800

JAMES W. PORTER, III (*pro hac vice*)
jporter@bradley.com
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8285

MARC A. NARDONE (*pro hac vice*)
mnardone@bradley.com
1615 L Street NW, Suite 1350
Washington, DC 20036
Telephone: (202) 719-8256

**ATTORNEYS FOR POLYMER80, INC.**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND .................................................................................................1

ARGUMENT ..........................................................................................................................4

    I.    Defendants agreed not to request a stay and are not entitled to a stay.....................4

        A.    The Motion to Stay violates the Agreement because Defendants bargained away their ability to seek a stay of the preliminary injunction. ........................................................................................................4

        B.    Defendants have not demonstrated entitlement to a stay............................7

    II.    The Court should sanction Defendants' trial counsel for improper litigation conduct. ......................................................................................................................8

CONCLUSION......................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alyeska Pipeline Serv. Co. v. Wilderness Society*,
    421 U.S. 240 (1975) ..................................................................................................................9

*Bryant v. Military Dep't of Miss.*,
    597 F.3d 678 (5th Cir. 2010) .....................................................................................................9

*Callip v. Harris Cnty. Child Welfare Dep't*,
    757 F.2d 1513 (5th Cir. 1985) ...................................................................................................4

*Cambridge Consulting Grp., Inc. v. Bank of Am., N.A.*,
    No. 3:11-cv-306-O, 2012 WL 13018982 (N.D. Tex. Feb. 7, 2012) ..........................................6

*Campaign for S. Equality v. Bryant*,
    773 F.3d 55 (5th Cir. 2014) ...................................................................................................1, 7

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ................................................................................................................9, 11

*FDIC v. Maxxam, Inc.*,
    523 F.3d 566 (5th Cir. 2008) ................................................................................................9, 11

*Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*,
    No. 5:19-CV-65, 2019 WL 7900263 (S.D. Tex. Aug. 16, 2019) ...............................................5

*Gonzalez v. Fresenius Med. Care N. Am.*,
    689 F.3d 470 (5th Cir. 2012) .....................................................................................................9

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
    571 U.S. 99 (2013) ......................................................................................................................5

*Irwin v. Dep't of Vet. Affairs*,
    498 U.S. 89 (1990) ......................................................................................................................5

*Lachney v. State Farm Fire & Cas. Co.*,
    No. 14-476, 2014 WL 1514172 (E.D. La. Apr. 16, 2014) .........................................................5

*Laird v. Air Carrier Engine Serv., Inc.*,
    263 F.2d 948 (5th Cir. 1959) .....................................................................................................5

*Link v. Wabash R. Co.*,
    370 U.S. 626 (1962) ...................................................................................................................5

*Lopez v. Munoz, Hockema & Reed, L.L.P.*,
 22 S.W.3d 857 (Tex. 2000)..................................................................................................3

*Louisiana v. Horseracing Integrity & Safety Auth.*,
 617 F. Supp. 3d 478 (W.D. La. 2022)..................................................................................8

*In re Moore*,
 739 F.3d 729 (5th Cir. 2014) .............................................................................................10

*Opulent Life Church v. City of Holly Springs, Miss.*,
 697 F.3d 279 (5th Cir. 2012) ...............................................................................................8

*R.J. Reynolds Vapor Co. v. Food & Drug Admin.*,
 65 F.4th 182 (5th Cir. 2023) ................................................................................................8

*Ratliff v. Stewart*,
 508 F.3d 225 (5th Cir. 2007) .............................................................................................11

*Roadway Express, Inc. v. Piper*,
 447 U.S. 752 (1980)...........................................................................................................10

*Robertson-Dewar v. Holder*,
 646 F.3d 226 (5th Cir. 2011) ...............................................................................................7

*Toon v. Wackenhut Corr. Corp.*,
 250 F.3d 950 (5th Cir. 2001) .............................................................................................10

*United States v. Price*,
 95 F.3d 364 (5th Cir. 1996) ........................................................................................1, 5, 7

*Vaughan v. Lewisville Indep. Sch. Dist.*,
 62 F.4th 199 (5th Cir. 2023) ...................................................................................9, 10, 11

**Statutes**

18 U.S.C. § 921....................................................................................................................7

28 U.S.C. § 1927.........................................................................................................2, 9, 11

**Other Authorities**

Fed. R. Civ. P. 11 .................................................................................................................9

Polymer80, Inc. ("Polymer80") respectfully submits this Opposition to Defendants' Motion to Stay Preliminary Injunction as well as Polymer80's Motion for Sanctions.

## INTRODUCTION

The Court should deny Defendants' Motion to Stay Preliminary Injunction because it violates Defendants' May 26, 2023 agreement "that the government won't request a stay of the injunction" ("Agreement"). (App'x at 002 (Email Exchange of May 26, 2023)). Defendants "bargained away" their ability to ask this Court for the relief they now seek and are now obligated to leave the injunction in place. *United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996) (explaining that the government's attorneys may "bargain away its discretion" and "obligate" the government "to move for a downward departure" within plea agreements). Although Polymer80 acknowledges the Supreme Court's stay orders in *VanDerStok* and this Court's recent order denying JSD Supply's motion for emergency injunctive relief (Doc. 268, No. 4:22-cv-00691-O ("*VanDerStok*")), Defendants have not shown that they are entitled to a stay under the Fifth Circuit's four-factor analysis. *See Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014). However, this Court need not reach those arguments because Defendants' Motion to Stay is (1) squarely foreclosed by the parties' bargained-for Agreement and (2) clear and convincing evidence of unreasonable, vexatious conduct that warrants sanctions under 28 U.S.C. § 1927 and/or this Court's inherent authority.

## FACTUAL BACKGROUND

Polymer80 filed this action—which was and remains necessary to protect its rights and existence—shortly after it moved to intervene in *VanDerStok*. (*See* Doc. 1; *VanDerStok*, Doc. 157). In March 2023, the Court granted Polymer80 a preliminary injunction and temporary

1

restraining order ("Preliminary Injunction") barring Defendants from enforcing their unlawful regulatory definitions of "frame or receiver" and "firearm" within the Final Rule. (Doc. 27).

After Defendants noticed an appeal of the Preliminary Injunction, (Doc. 34), Polymer80 and Defendants agreed—at Defendants' initiative—that Polymer80 would consent to Defendants' appellate motion "to hold the appeal in abeyance pending the Fifth Circuit's decision" in *VanDerStok*, on the unqualified condition that "the government won't request a stay of the injunction." (App'x at 002–003).

Defendants' appellate counsel Sean Janda wrote: "I represent the federal government in connection with the appeal in *Polymer80 v. Garland*, No. 23-10527 (5th Cir.). The government intends to move to hold the appeal in abeyance pending the Fifth Circuit's decision in the related case *VanDerStok v. Garland*, Nos. 22-11071, 22-11086, which presents similar issues and has been fully briefed. If you could let me know whether the appellees in Polymer80 would consent to that motion, I would appreciate it." (App'x at 003).

Polymer80's counsel replied: "We would consent to that motion provided that the government will not request a stay of the injunction." (*Id.* at 002).

In return, counsel for Defendants promised in a signed writing: "Thanks for the response—we can represent that the government won't request a stay of the injunction." (*Id.*). The Agreement is neither limited in its temporal scope nor contingent upon *VanDerStok*'s procedural posture. Mr. Janda was unequivocal that he would request that the *Polymer80* appeal be held in abeyance until *VanDerStok* was conclusively resolved by the Fifth Circuit.

Consistent with the Agreement, the Fifth Circuit granted Defendants' unopposed motion to place the appeal in abeyance. (Docs. 10, 20, No. 23-10527 (5th Cir. June 8, 2023)). Defendants therefore received the full benefit of the Agreement. They were able to put this case on the

backburner while various issues in *VanDerStok* were briefed and argued before the Fifth Circuit and Supreme Court. As a result of the Agreement, this case—at the trial and appellate levels—is months behind *VanDerStok*, and without a preliminary injunction in place this delay prejudices Polymer80. Moreover, Defendants are now using the arguments and rulings made in *VanDerStok* against Polymer80. Defendants have received the full benefit of the Agreement but are now refusing to give Polymer80 any of the benefit it is owed, arguing contrary to the Agreement's plain language that it was limited in time and scope such that it benefited only Defendants. Nor is Defendants' self-serving reimagination of the terms of the Agreement consistent with established maxims of contract interpretation. *See, e.g.*, *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000) ("When a contract is unambiguous [the Court] will enforce it as written.").

   Defendants' trial counsel, including Defendants' Motion to Stay signatory Jeremy S.B. Newman, has consistently been aware of the Agreement. In their Motion to Vacate (Doc. 39), Defendants acknowledged the valid and binding nature of the Agreement, but attempted to draw bright-line semantical distinctions by arguing that seeking a "stay" and seeking to "vacate" are different concepts (going so far as to argue that, had Polymer80 wanted a promise not to vacate the injunction, it should have asked for one), then dismissively contended that "[n]othing in th[at] motion conflicts with any representation made by Defendants' counsel." (*Id.* at 2 n.3). Defendants' arguments in their Motion to Vacate (*id.*) are specious as Polymer80 demonstrated in its Opposition, (Doc. 40 at 7–8), but confirm that Defendants are bound by the unambiguous terms of the Agreement to their promise not to seek a stay. Their Motion to Vacate also requested nearly identical relief, and it relied on the exact same legal arguments, demonstrating that their Motion to Stay is as needless as it is unreasonable and vexatious, and in bad faith.

3

Before Defendants filed this motion, counsel for Polymer80 reminded Mr. Newman by email that: (1) the motion is duplicative of their pending Motion to Vacate; (2) the motion is barred by the Agreement; and (3) Polymer80 would "seek sanctions" if Defendants filed the motion to seek redress for the Department of Justice's obvious "strategy . . . to force [Polymer80] to spend as much money as possible in this litigation." (App'x at 005–006 (Email Exchange of Nov. 3, 2023)). Defendants filed the Motion to Stay anyway—notwithstanding the pending Motion to Vacate relying on the same issues and arguments (Doc. 39) as well as ongoing appellate briefing over the same preliminary injunction (No. 23-10527). Defendants waited to file this motion until they had filed their opening brief (Doc. 34, No. 23-10527, 5th Cir. Oct. 23, 2023), and Polymer80's counsel were preparing their answering brief that is due November 22, 2023.

## ARGUMENT

The Court should deny Defendants' Motion to Stay because Defendants bargained away their ability to ask for a stay and, in any event, have failed to establish entitlement to the relief they seek. In addition to denying their motion, the Court should sanction Defendants' trial counsel in the form of Polymer80's reasonable attorneys' fees, costs, and expenses incurred in responding to this unreasonable and vexatious motion.

**I.   Defendants agreed not to request a stay and are not entitled to a stay.**

    **A.   The Motion to Stay violates the Agreement because Defendants bargained away their ability to request a stay of the preliminary injunction.**

There is no dispute that Defendants, through their counsel, agreed "that the government won't request a stay of the injunction" in exchange for valuable consideration. (*See* App'x 002–003). Nor is there any dispute that "a party is bound by the acts of his attorney." *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1522 (5th Cir. 1985). "Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is

4

considered to have notice of all facts, notice of which can be charged upon the attorney." *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 92 (1990) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)) (quotation marks omitted). This principle is particularly true in litigation, where "[a]n attorney has wide authority" and "speak[s] for the client in Court." *Laird v. Air Carrier Engine Serv., Inc.*, 263 F.2d 948, 953 (5th Cir. 1959).

The Agreement is consistent with the types of binding agreements that parties' attorneys regularly enter during litigation. A federal prosecutor may "bargain away [the government's] discretion under the terms of a plea agreement, and thereby obligate [the government] to move for a downward departure." *Price*, 95 F.3d at 368. Parties in civil litigation, through their attorneys, regularly enter agreements or stipulations binding their clients, such as by limiting the action to a particular amount in controversy. *See Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:19-CV-65, 2019 WL 7900263, at *4 (S.D. Tex. Aug. 16, 2019); *Lachney v. State Farm Fire & Cas. Co.*, No. 14-476, 2014 WL 1514172, at *3 (E.D. La. Apr. 16, 2014) (finding plaintiffs "bound by the stipulation signed by their attorney"). And parties otherwise can enter binding agreements that limit the scope of available judicial remedies, such as by contracting to a particular limitations period. *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107 (2013).

The representation by Defendants' counsel—that they "won't request a stay of the injunction"—binds Defendants and requires denial of their Motion to Stay. Plaintiff's agreement not to oppose Defendants' motion to hold the *Polymer80* appeal in abeyance is sufficient consideration to require enforcement of Defendants' promise not to seek a stay of the preliminary injunction. Any reasonable reader would interpret the Agreement as foreclosing Defendants' ability to ask this Court to stay the preliminary injunction. Defendants make no effort to engage with the text of the Agreement—which their Motion to Stay plainly violates. Nor do they cite any

legal authority to support their dismissive assertion that the Agreement does not apply. They instead argue only that the Agreement is no longer binding because "circumstances" have changed. (Doc. 44 at 9). But the circumstances have not changed, and Defendants have already reaped the benefits of the Agreement. Their unopposed motion to hold the *Polymer80* appeal in abeyance has caused this case to fall more than five months behind the appeal in *VanDerStok*, which will unfairly prejudice Polymer80 should the preliminary injunction no longer protect it from the likely fatal consequences of Defendants' unlawful regulatory acts.

The Court should reject Defendants' frivolous arguments to avoid their binding obligation. The Supreme Court's stay orders in *VanDerStok* do not void the Agreement. Nor do they require Defendants to seek a stay so that they can enforce the Rule against Polymer80. And most importantly, they do not excuse Defendants from performing their end of the Agreement through which they voluntarily contracted away their ability to seek a stay of the preliminary injunction in this case. Those stay orders simply have no effect on the unqualified scope of the Agreement.

Nor do the passage of "five months" and the resumption of appellate briefing in *Polymer80* void the Agreement, which is not qualified in any way. No elements of timing, conditions, or other "circumstances" govern the extent to which Defendants are precluded from seeking a stay. Defendants' counsel could have, but did not, demand any such terms. There is no such escape from Defendants' unqualified promise to not "request a stay of the injunction." (App'x at 002).

Defendants' arguments about extrinsic evidence, including Mr. Janda's subjective intent, the passage of time, the Supreme Court's orders, and any other allegedly changed circumstances, are irrelevant because the terms of the Agreement are unambiguous. *Cambridge Consulting Grp., Inc. v. Bank of Am., N.A.*, No. 3:11-cv-306-O, 2012 WL 13018982, at *3 (N.D. Tex. Feb. 7, 2012) ("When a contract is unambiguous, extrinsic evidence that creates an ambiguity or varies the

6

meaning of the plain language is not considered."). The parties unambiguously agreed that Defendants will not seek a stay in exchange for Polymer80's consent to their motion to hold the *Polymer80* appeal in abeyance. The terms are simple, straightforward, unequivocal, and drafted by an experienced counsel who still represents Defendants in his capacity as an attorney with the Department of Justice. Those unambiguous terms govern here, and Defendants cannot alter the meaning of the Agreement with reference to extrinsic evidence of any kind.

Defendants "bargain[ed] away [their] discretion" to request a stay the of the preliminary injunction. *Price*, 95 F.3d at 368. This Court should enforce the Agreement or equitably estop Defendants from seeking a stay. *Robertson-Dewar v. Holder*, 646 F.3d 226, 229 (5th Cir. 2011). This is especially true in this situation, as litigants should be able to rely upon what they are promised by Department of Justice attorneys and know that they will be treated with good faith. The Court should hold Defendants to their promise and deny Defendants' Motion to Stay

### B. Defendants have not demonstrated entitlement to a stay.

Defendants have not met their burden of demonstrating entitlement to a stay under the Fifth Circuit's four-factor analysis: (1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially harm other parties; and (4) where the public interest lies. *Campaign for S. Equality*, 773 F.3d at 57.

On the likelihood-of-success factor, this Court correctly held that the challenged provisions of the Final Rule violate the plain language of the Gun Control Act, 18 U.S.C. § 921 *et seq.* (Doc. 27 at 10). Section 921(a)(3)(A) unambiguously does not cover unfinished frames or weapons *parts* kits because neither is a "weapon." And Section 921(a)(3)(B) covers only *finished* frames and receivers, which similarly cannot include unfinished frames or weapons parts kits. Defendants

have made *no* showing that they ultimately will prevail on the merits of the case. Both this Court and the Fifth Circuit have ruled against them on these very issues, and under the same analytical framework, in *VanDerStok*. (*See VanDerStok*, Doc. 238; Doc. 45-1, No. 23-10718 (5th Cir. (July 24, 2023); Doc. 205-1, No. 23-10718 (5th Cir. Oct. 2, 2023))). The Fifth Circuit was clear, "the ATF has not demonstrated a strong likelihood of success on the merits, nor irreparable harm in the absence of a stay," (Doc. 45-1 at 2, No. 23-10718 (5th Cir. (July 24, 2023)), and "[t]he party-plaintiff manufacturers are likely to succeed on the merits because the Final Rule is contrary to law." (Doc. 205-1 at 4, No. 23-10718 (5th Cir. Oct. 2, 2023)). Defendants also put far more weight on the Supreme Court's orders staying and vacating different forms of relief than those orders could possibly bear, as those orders are silent on the merits of these disputes.

The equities do not favor a stay. Polymer80 will face irreparable harm in deprivations of its constitutional and procedural rights and nonrecoverable compliance costs. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 294–97 (5th Cir. 2012) (constitutional rights); *Louisiana v. Horseracing Integrity & Safety Auth.*, 617 F. Supp. 3d 478, 499 (W.D. La. 2022) (procedural rights), *remanded on other grounds*, No. 22-30458 (5th Cir. Nov. 18, 2022); *R.J. Reynolds Vapor Co. v. Food & Drug Admin.*, 65 F.4th 182, 194 (5th Cir. 2023) (compliance costs). And the public interest is *not* served by "the perpetuation of unlawful agency action." *R.J. Reynolds Vapor Co.*, 65 F.4th at 195.

**II.    The Court should sanction Defendants' trial counsel for improper litigation conduct.**

Defendants' Motion to Stay is unreasonable and vexatious. It is yet another step in their obvious effort to oppress Polymer80 with substantial legal expenses and to achieve their goal of forcing Polymer80 out of business before the merits of the case can be resolved. Defendants yet again force Polymer80 to turn to the Court as its "only means of protection from the unlawful

8

actions by the federal government that [seek] to put Polymer80 out of business." (Doc. 37 at 2). The Court should sanction Defendants' trial counsel and require them to pay Polymer80's legal fees, costs, and expenses in responding to this motion. There are at least two sources of authority under which this Court should sanction Defendants' trial counsel for Defendants' improper motion.[1]

First, by statute, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Conduct that is "both 'unreasonable' and 'vexatious'" justifies sanctions. *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023). Unreasonable and vexatious conduct may be "based on 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Id.* "[N]o multiplication of proceedings would be more vexatious than one which gave a frivolous claim the appearance of trial-worthy merit." *Id.* (quoting *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 481 (5th Cir. 2012)). Clear and convincing evidence is required to support Section 1927 sanctions. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010).

Second, courts have inherent authority to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975)) (quotation marks omitted). This authority derives from "the control *necessarily* vested in courts to manage their own affairs." *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008)

---

[1] Federal Rule of Civil Procedure 11 provides another source of authority for this Court to sanction Defendants' trial counsel. FED. R. CIV. P. 11(b)(1)–(2). Because of the expedited briefing schedule, Polymer80 is unable to comply with Rule (11)(c)(2)'s service, notice, and waiting requirements. The Court may raise the issue of Rule 11 compliance *sua sponte* under Rule 11(c)(3). Polymer80 is willing to proceed under, and in compliance with, Rule 11 upon the Court's invitation.

9

(quotation marks omitted). Although this power "must be exercised with restraint and discretion," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980), and "requires a finding of bad faith or willful abuse of the judicial process," *In re Moore*, 739 F.3d 729, 729 (5th Cir. 2014) (quotation marks omitted), this Court's case-management control authorizes sanctions upon a finding of bad faith when sanctions under a rule or statute are otherwise unavailable. *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001). Clear and convincing evidence is required to support sanctions under a court's inherent authority. *In re Moore*, 739 F.3d at 730.

Defendants' trial counsel's conduct should be sanctioned in the amount of Polymer80's reasonable attorneys' fees, costs, and expenses incurred in responding to this motion. The clear and convincing evidence of their sanctionable conduct includes:

- Defendants' trial counsel has consistently acknowledged and been made aware of the Agreement. (App'x at 002–007 (email exchanges); Doc. 39 at 2 n.3 (Motion to Vacate); Doc. 40 at 7–8 (Polymer80's Response in Opposition to Defendants' Motion to Vacate).

- Defendants' trial counsel filed this Motion to Stay with awareness of the Agreement but arguing that the Agreement does not foreclose their motion, thereby giving their frivolous claim the appearance of merit. *See Vaughan*, 62 F.4th at 207 ("[N]o multiplication of proceedings would be more vexatious than one which gave a frivolous claim the appearance of trial-worthy merit.").

- Defendants' trial counsel filed this motion even though their pending Motion to Vacate (Doc. 39) seeks almost identical relief based on the exact same legal arguments.

- Defendants' trial counsel filed this motion even though Polymer80's counsel explicitly referenced each of the foregoing points when conferring with Defendants' trial counsel prior to their filing the motion. (App'x at 004–007).

- Although the Supreme Court's orders that allegedly voided Defendants' obligations were issued three months ago (Aug. 8, 2023, No. 23A82) and three weeks ago (Oct. 16, 2023, No. 23A302), Defendants trial counsel waited to file this needless motion concurrently with Polymer80's appellate briefing requirements in the Fifth Circuit regarding the same preliminary injunction, (Doc. 18, No. 23-10527 (Briefing Notice)), showing that Defendants' trial counsel is merely trying to needlessly distract Polymer80's counsel from its briefing obligations and increase Polymer80's legal expenses.

Defendants' trial counsel filed the Motion to Stay in bad faith to further their goal to put Polymer80 out of business. Their motion is unreasonable and vexatious because they are indisputably aware of a binding Agreement *not* to seek exactly the relief they now seek in the motion. (App'x at 002–007; Doc. 39 at 2 n.3; Doc. 40 at 7–8). Even if that were not enough, they did so despite having already filed an almost identical motion already pending before this Court, (Doc. 39), and even though briefing regarding the merits of this preliminary injunction is pending before the Fifth Circuit.

This Court should find that filing this motion is unreasonable and vexatious, and it should find that Defendants' trial counsel did so in bad faith and with the improper purpose of oppressing and harassing Polymer80. *Ratliff v. Stewart*, 508 F.3d 225, 234–35 (5th Cir. 2007) (explaining "that a court can infer an 'improper purpose' from" the "attorney's conduct"). Although Defendants reference the Agreement, they do so only dismissively, without any reference to case law or other legal authority to support their argument that the Agreement does not foreclose the relief they seek here. Defendants' Motion to Stay falls squarely within the scope of multiplicative and vexatious conduct, by "giv[ing] a frivolous claim the appearance of trial-worthy merit." *Vaughan*, 62 F.4th at 207. The evidence shows clearly and convincingly that Defendants' trial counsel, by filing this Motion to Stay, has engaged in conduct that should be sanctioned because it is "unreasonabl[e]" and "vexatious[]," 28 U.S.C. § 1927, and undertaken in "bad faith, vexatiously, wantonly, [and] for oppressive reasons." *Chambers*, 501 U.S. 45–46.

"The government, as a party to a lawsuit, is subject to the same ethical and procedural rules as a private litigant, and risks the same sanctions if it fails to abide by these rules." *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 595 (5th Cir. 2008). This Court should hold Defendants' trial counsel accountable to these rules by sanctioning them for Polymer80's legal expenses incurred in

responding to this unreasonable and vexatious motion. Upon the Court's request, Polymer80 will provide documentation of its fees, costs, and expenses reasonably incurred in responding.

## CONCLUSION

This Court should deny Defendants' motion to stay and should sanction Defendants' trial counsel in the amount of Polymer80's legal fees, costs, and expenses reasonably incurred in responding to this motion.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By:  */s/ Dennis L. Daniels Jr.*
     DENNIS L. DANIELS JR.
     Texas Bar No. 24107402
     dldaniels@bradley.com
3600 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
Telephone: (214) 257-9800

JAMES W. PORTER, III (*pro hac vice*)
jporter@bradley.com
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8285

MARC A. NARDONE (*pro hac vice*)
mnardone@bradley.com
1615 L Street NW, Suite 1350
Washington, DC 20036
Telephone: (202) 719-8256

**ATTORNEYS FOR POLYMER80, INC.**

## CERTIFICATE OF SERVICE

I certify that on Nov. 8, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

                                      */s/ Dennis L. Daniels Jr.*
                                      Dennis L. Daniels Jr.

## CERTIFICATE OF CONFERENCE

I certify that on Nov. 8, 2023, counsel for Plaintiff conferred with counsel for Defendants via email regarding the merits of Plaintiff's Motion for Sanctions. The motion is opposed, as counsel for Defendants indicated that Defendants oppose Plaintiff's Motion for Sanctions.

*/s/ Dennis L. Daniels Jr.*
Dennis L. Daniels Jr.
