UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| POLYMER80, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> Defendants. | Case No. 4:23-cv-00029-O |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SANCTIONS**

**TABLE OF CONTENTS**

I.    The Government's Stay Motion is Meritorious and Should Be Granted. .................................2

II.   Regardless, No Basis Exists for Polymer80's Sanctions Motion. ..................................................7

      A.   The Burden to Demonstrate That Sanctions Are Warranted Is Exceedingly High. ...........................................................................................................................7

      B.   The Stay Motion Was Neither Unreasonable nor Vexatious. ........................................11

CONCLUSION...............................................................................................................................13

## TABLE OF AUTHORITIES

**CASES**

*Boland Marine & Mfg. Co. Rihner*,
  41 F.3d 997 (5th Cir. 1995) ...................................................................................................9

*Brooks v. United Dev. Funding III, L.P.*,
  No. 4:20-CV-00150-O, 2020 WL 6132226 (N.D. Tex. May 27, 2020) ............................10

*Chambers v. NASCO*,
  501 U.S. 32 (1991) ................................................................................................................9

*Chaves v. M/V Medina Star*,
  47 F.3d 153 (5th Cir. 1995) ...................................................................................................9

*Craven v. Dir., Off. of Worker's Comp. Programs*,
  407 F. App'x 854 (5th Cir. 2011) ..........................................................................................9

*Edwards v. Gen. Motors Corp.*,
  153 F.3d 242 (5th Cir. 1998) ............................................................................................ 7, 9

*FDIC v. Calhoun*,
  34 F.3d 1291 (5th Cir. 1994) ........................................................................................... 8, 11

*Gavola v. Asbra*,
  No. 3:11-CV-03528-O, 2017 WL 3529338 (N.D. Tex. Aug. 17, 2017) ...............................8

*Gipson v. Weatherford Coll.*,
  __ F. 4th __, No. 23-10397, 2023 WL 7314355 (5th Cir. Nov. 6, 2023) .............................9

*Gomez v. I Heart Boba Town E., LLC*,
  No. 3:12-CV-01642-O, 2013 WL 12123902 (N.D. Tex. June 6, 2013) ................................9

*Gonzales v. Fresenius Med. Care N. Am.*,
  689 F.3d 470 (5th Cir. 2012) ...............................................................................................10

*Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*,
  76 F.4th 341 (5th Cir. 2023) ..................................................................................................6

*Hall v. Hall*,
  308 S.W.2d 12 (Tex. 1957) ....................................................................................................6

*Kachina Pipeline Co. v. Lillis*,
  471 S.W.3d 445 (Tex. 2015) ..................................................................................................6

*Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*,
  739 F.3d 848 (5th Cir. 2014) .................................................................................................8

Case 4:23-cv-00029-O   Document 49   Filed 11/29/23   Page 4 of 20   PageID 841</s

*League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*,
  675 F.3d 433 (5th Cir. 2012) ................................................................................................9

*M & G Polymers USA, LLC v. Tackett*,
  574 U.S. 427 (2015) ............................................................................................................6

*Merrill v. Milligan*,
  142 S. Ct. 879 (2022) ..........................................................................................................3

*Morrison v. Walker*,
  939 F.3d 633 (5th Cir. 2019) ..............................................................................................7

*Nken v. Holder*,
  556 U.S. 418 (2009) ............................................................................................................3

*Oblio Telecom, Inc. v. Patel*,
  No. CIV.A.3:08-CV-0279-L, 2010 WL 99353 (N.D. Tex. Jan. 8, 2010) ............................8

*Ratliff v. Stewart*,
  508 F.3d 225 (5th Cir. 2007) ..................................................................................... 10, 11

*RSR Corp. v. Johnson Controls Battery Grp., Inc.*,
  No. 3:13-CV-862-O, 2014 WL 12531156 (N.D. Tex. Jan. 28, 2014) ..................................9

*Vaughan v. Lewisville Indep. Sch. Dist.*,
  62 F.4th 199 (5th Cir. 2023) ........................................................................................ 7, 10

*Veasey v. Perry*,
  769 F.3d 890 (5th Cir. 2014) ..............................................................................................3

*Williams v. Sorrells*,
  No. 3:15-CV-351-M, 2016 WL 1392335 (N.D. Tex. Apr. 8, 2016) ..................................11

**STATUTES**

28 U.S.C. § 1927 .........................................................................................................*passim*

**RULES**

Fed. R. App. P. 8(a)(1) .....................................................................................................13

Fed. R. Civ. P. 11(c)(2) .......................................................................................................9

**REGULATIONS**

Final Rule, Definition of "Frame or Receiver" and Identification of Firearms,
  87 Fed. Reg. 24,652 (Apr. 26, 2022) ..................................................................................3

**OTHER AUTHORITIES**

In response to Defendants' motion for a stay of the Court's preliminary injunction, Plaintiff has moved for sanctions under 28 U.S.C. § 1927 and the Court's inherent authority. Plaintiff's motion should be denied. As an initial matter, and as explained further below, Defendants have demonstrated an entitlement to a stay or vacatur of the preliminary injunction, and this Court should grant that relief. Regardless, the bar for awarding sanctions under either authority is extremely high, and the filing of a meritorious stay motion by Defendants comes nowhere near satisfying the requisite standards.

In opposing Defendants' requests for relief, Polymer80 has consistently asked this Court to disregard the Supreme Court's order staying this Court's grant of relief in *VanDerStok v. Garland*, No. 4:22-cv-691 (N.D. Tex.), in which Polymer80 is a party. If there were any doubt as to whether the Supreme Court meant to stay relief to the *VanDerStok* parties, it was removed by the Supreme Court's subsequent vacatur of an injunction in favor of some plaintiffs. Polymer80's position is extraordinary on that ground alone. It is doubly extraordinary because it also asks this Court to disregard the bedrock principle that a party cannot pursue the same claim against the same party in two suits. Polymer80 obtained final judgment in *VanDerStok* and opposed the stay of relief that was ultimately granted by the Supreme Court. Like the other parties in *VanDerStok,* it will be subject to the ultimate resolution of that case. It cannot claim entitlement in this separate duplicative action to the same relief already stayed by the Supreme Court.

Nevertheless, Polymer80 has asked this Court to set all that aside—not only to permit it to cling to a preliminary ruling that preceded the grant of intervention in *VanDerStok* but also to award sanctions. It does so on the basis of an email exchange that occurred when the government moved to put an appeal in this case into abeyance pending disposition of then-pending appeals in *VanDerStok*. Polymer80 stated that it would consent to abeyance if the government would not seek a stay pending appeal, and the government responded that it would not seek a stay. That exchange preceded Polymer80's intervention in *VanDerStok,* the final judgment in that case, the two orders of the

1

Supreme Court staying and vacating relief, and the Fifth Circuit's decision to remove the appeal in this case from abeyance. Polymer80's contention that the government bargained away for all time the right to seek a stay is incorrect. But even if there were the slightest basis for that contention, this Court should not allow Polymer80 to sidestep Supreme Court rulings—and to do so in a suit that defies the fundamental principle that a plaintiff may not pursue identical claims against the same defendant in two separate federal court actions. This Court should thus stay or vacate the preliminary injunction.

In any event, even if this Court were to disagree that Defendants' stay motion should be granted, Polymer80's contention that it is entitled to sanctions is wholly unavailing. Defendants filed a stay motion in good faith. Indeed, Defendants' motion noted the email exchange and explained why Polymer80's reliance on the exchange was misplaced. The filing of this motion is thus far from the sort of baseless or frivolous filing that warrants sanctions. Moreover, to the extent that Polymer80 is concerned about the costs of duplicative litigation, it is Polymer80's own inequitable conduct—improperly maintaining two separate suits raising the same claims, notwithstanding that Polymer80 "indicated that if it were permitted to intervene in [*VanDerStok*] it would voluntar[il]y dismiss the current action," Order, ECF No. 36—that has occasioned the duplicative litigation in this case. The Court should deny Plaintiff's motion.

I.  **The Government's Stay Motion is Meritorious and Should Be Granted.**

Far from being sanctionable, the government's stay motion established an entitlement to relief and should be granted.

First, it is clear based on the Supreme Court's rulings in *VanDerStok v. Garland*[1] that Defendants have satisfied each of the factors set forth by the Supreme Court and Fifth Circuit for a

---

[1] *Garland v. VanDerStok*, No. 23A82 (U.S. Aug. 8, 2023) (Supreme Court Stay Order); Order in Pending Case, *Garland v. BlackHawk Mfg.*, 23A302 (U.S. Oct. 16, 2023) (Supreme Court Vacatur Order).

stay pending appeal: likelihood of success on the merits, irreparable harm if a stay is not granted, and that the balance of the equities supports a stay. *See Nken v. Holder*, 556 U.S. 418, 435 (2009); *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014). The Supreme Court Stay Order and Supreme Court Vacatur Order necessarily show that Defendants have demonstrated the requisite likelihood of success in demonstrating the Rule's[2] lawfulness to justify interim relief pending appeal. *See Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring); Defs.' Mot. to Stay Prelim. Inj. 6, ECF No. 44 (Stay Mot.); Defs.' Reply Mem. in Supp. of Stay Mot. 2-3, ECF No. 48 (Stay Reply Br.). The Supreme Court's rulings likewise demonstrate that Defendants have shown irreparable harm from party-specific injunctive relief, and that the balance of the equities supports allowing Defendants to implement the Rule against all parties during the appellate process. *See Merrill*, 142 S. Ct. at 880 (Kavanaugh, J., concurring); Stay Mot. 6-9; Stay Reply Br. 3-4. Furthermore, because Polymer80 is likely the largest manufacturer of the partially complete frames, receivers, and weapon parts kits that are used to make fully functional ghost guns and is by far the largest identifiable source of ghost guns recovered from crime scenes, Defendants' showing on irreparable harm and the balance of equities is even stronger with respect to Polymer80 than with respect to the smaller manufacturers whose injunctions were vacated by the Supreme Court. *See* Stay Mot. 7-8; Stay Reply Br. 4. Any question as to whether the Supreme Court Stay Order precluded party-specific injunctive relief was answered by the Supreme Court Vacatur Order. This Court correctly recognized the conclusive nature of the Supreme Court's rulings when it summarily denied another *VanDerStok* plaintiff's motion for injunction pending appeal on the basis of the Supreme Court Vacatur Order. *See VanDerStok*, ECF No. 268; Stay Reply Br. 3.

Tellingly, Polymer80's opposition to the Stay Motion barely attempted to argue that Defendants did not meet the standard for a stay. Polymer80's briefing on this point consisted of just

---

[2] Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022).

3

over a page of perfunctory argument that hinged on the assertion that this Court should follow lower court rulings that were stayed or set aside by the Supreme Court instead of Supreme Court rulings. *See* Polymer80's Opp. to Defs.' Mot. to Stay Prelim. Inj. and Mot. for Sanctions 7-8, ECF No. 46 (Mot.); Stay Reply Br. 2-3.

Instead, Polymer80's opposition to the government's stay motion rested almost entirely on its assertion that a previous email exchange between counsel precluded Defendants from seeking a stay. *See* Mot. 11 (arguing that Stay Motion was "unreasonable . . . because [Defendants] are indisputably aware of a binding Agreement *not* to seek exactly the relief they now seek in the motion"). That argument is doubly incorrect. The email exchange, which occurred in a materially different context than now exists, does not continue to preclude the government from seeking a stay. And it would not, in any event, entitle Polymer80 to a continued injunction that is prohibited by Supreme Court orders and fundamental principles precluding claim-splitting.

At the time of the email exchange, counsel were discussing the government's plan to move to hold its interlocutory appeal of the preliminary injunction in this case in abeyance pending the Fifth Circuit's resolution of the then-pending preliminary injunction appeals in *VanDerStok*, which were further along in the briefing process and could thus be expected to resolve the legal issues presented in this appeal. Polymer80's counsel informed the government that Polymer80 would consent to that motion "provided that the government will not request a stay of the injunction." *See* ECF No. 47, at App'x 002. Government counsel responded that he could "represent that the government won't request a stay of the injunction." *Id.*

That statement, made months ago in substantially different circumstances, did not preclude Defendants' stay motion. To begin, the statement was made in the context of Polymer80's conditioning its consent to a motion to hold the government's appeal in this case in abeyance. And indeed, the government did not seek a stay while this appeal remained in abeyance. In September,

4

however, the Fifth Circuit removed the appeal from abeyance because this Court's entry of a final judgment in *VanDerStok* had mooted the preliminary injunction appeals in that case. *See* Order, No. 23-10527 (5th Cir. Sept. 12, 2023). Thus, any conditions on Polymer80's consent to the abeyance expired before the government's stay motion was filed.

More fundamentally, the email exchange between counsel occurred against the backdrop of Polymer80's representation to this Court just a few weeks earlier that it "could . . . if allowed to participate in [*VanDerStok*] as an intervening party—voluntarily dismiss *Polymer80*, also mooting any claim-splitting objection." Reply in Supp. of Mot. to Intervene at 2, *VanDerStok*, ECF No. 214. Accordingly, when this Court granted Polymer80's intervention motion and made it a party to final judgment, it directed Polymer80 "to file appropriate dismissal papers" or "to file a notice informing the Court why dismissal at this juncture is inappropriate," noting that Polymer80 "indicated that if it were permitted to intervene in [*VanDerStok*] it would voluntar[il]y dismiss the current action." ECF No. 36. Polymer80 initially sought to justify its failure to dismiss based on the possibility that the government might appeal the grant of its intervention motion in *VanDerStok*. But the government did not appeal the grant of intervention, and the Fifth Circuit has affirmed in relevant part the final judgment in Polymer80's favor. Yet Polymer80 still has not dismissed this separate suit and has not relinquished its hold on the relief it obtained before its intervention in *VanDerStok*.

Whatever the significance of the government's prior statement about a stay pending appeal in a context long overtaken by events, it cannot plausibly be construed to prohibit the government from seeking a stay under the circumstances presented here. To the contrary, it would be patently inequitable to continue to treat the government's statement—made *after* Polymer80 indicated that it would not be entitled to seek or obtain materially similar relief in two separate suits—as foreclosing the government from seeking a stay, now that Polymer80 has itself changed course and attempted to preserve relief in this case that directly conflicts with the Supreme Court's stay in *VanDerStok*.

5

And Polymer80's dubious reliance on ordinary contract principles to argue that the email exchange precludes a stay motion in perpetuity fails even on its own terms. Polymer80 cited no cases holding that a promise of unspecified duration in a contract unambiguously applies without temporal limitation. To the contrary, both the U.S. Supreme Court and the Supreme Court of Texas have held that contracts indefinite in duration are ordinarily held to be "operative for a reasonable time," *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 441 (2015) (quoting 3 A. Corbin, Corbin on Contracts § 553, p. 216 (1960)), or "a term of reasonable duration," *Hall v. Hall*, 308 S.W.2d 12, 15 (Tex. 1957); *see also* Stay Reply Br. 5-6. And when the "reasonable time" that such an agreement is operative is not specified in the text of the agreement, courts must turn to the usual principles of interpreting ambiguous contracts to determine the appropriate "reasonable time." Under those principles, courts consider "the facts and circumstances surrounding" the agreement—including the "setting in which [it] was negotiated" and other factors "that give context" to the agreement—to determine the limits of the reasonable duration. *Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 450 (Tex. 2015) (quotation omitted); *see also Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 76 F.4th 341, 349 (5th Cir. 2023) (citing the "general rule that a court may examine extrinsic evidence to ascertain the meaning of an ambiguous contract").

But as explained, the email exchange here occurred in the course of the government's request for consent to put this appeal in abeyance and against the backdrop of Polymer80's own representation that it could dismiss this suit if it were permitted to intervene in *VanDerStok*. Subsequent to the email exchange, this appeal was removed from abeyance. And Polymer80 was permitted to intervene in *VanDerStok*—and that intervention decision is no longer subject to challenge. That Polymer80 has nevertheless failed to dismiss this suit does not permit it to rely on an email exchange that occurred in a context that has long ceased to exist.

**II.     Regardless, No Basis Exists for Polymer80's Sanctions Motion.**

**A.     The Burden to Demonstrates That Sanctions Are Warranted Is Exceedingly High.**

Polymer80 argues that sanctions should be imposed either under 28 U.S.C. § 1927 or the Court's inherent authority. Mot. 9-10. But Polymer80 ignores the fact that sanctions may not be imposed under either source of authority unless Polymer80 identifies conduct meeting a very demanding standard. As articulated further below, Polymer80 does not come close.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The adverbs being in the conjunctive, sanctions under § 1927 must be predicated on actions that are both 'unreasonable' *and* 'vexatious.'" *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citation omitted). "This requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id.* "Sanctions under Section 1927 are to be 'sparingly applied.'" *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023) (citation omitted). "Conduct is 'unreasonable and vexatious' if there is evidence of the 'persistent prosecution of a meritless claim' *and* of a 'reckless disregard of the duty owed to the court.'" *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019) (citation omitted) (emphasis added). "An attorney acts with 'reckless disregard' of his duty to the court when he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining his factual contentions." *Id.* (citation omitted). For a sanctions determination under Section 1927 to be affirmed, a district court "must have made detailed factual findings, including (1) identifying the sanctionable conduct as distinct from the case's merits, (2) linking the sanctionable conduct and the sanction's size, and (3) identifying the legal basis for each sanction." *Id.* (citations omitted).

Absent unusual circumstances, evidence of bad faith or improper motive cannot be inferred from the existence of a party's filings alone. *See FDIC v. Calhoun*, 34 F.3d 1291, 1300 (5th Cir. 1994) ("When a complaint is well grounded in fact and warranted by existing law, 'only under unusual circumstances . . . should the filing of [papers] constitute sanctionable conduct.'") (citation omitted); *Oblio Telecom, Inc. v. Patel*, No. CIV.A.3:08-CV-0279-L, 2010 WL 99353, at *3 (N.D. Tex. Jan. 8, 2010) (rejecting contention that "bad faith" necessary to support Section 1927 sanctions "can be inferred from the pleadings in this case").  It is also insufficient for a party to premise Section 1927 sanctions merely on its belief that an opposing party's arguments lack merit. *See Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (rejecting Section 1927 sanctions motion where "[a]t most, [movant] has shown that [the opposing party's] extracontractual claims lack merit, which is not a sufficient basis for awarding sanctions").  Nor does Section 1927 authorize sanctions premised on advancing a legal argument more than once in the same litigation if no court has ruled on the argument at the time the argument is advanced.  The decision in *Gavola v. Asbra*, No. 3:11-CV-03528-O, 2017 WL 3529338 (N.D. Tex. Aug. 17, 2017), is instructive regarding this point of law.  The plaintiffs in *Gavola* had contended that a motion for injunctive relief filed by the defendants was "unreasonable and vexatious" because it was premised on an argument that the defendants had already made in three other jurisdictions. *See id.* at *3.  This Court rejected that contention, explaining that there was "no indication that [the defendants'] argument was considered on the merits by other courts such that it rendered filing of the Injunction Motion 'unreasonable or vexatious,'" *id.* (citing *Calhoun*, 34 F.3d at 1297), and that the plaintiffs had "not offered evidence of other specific conduct on the part of the [defendants'] attorney showing she acted in bad faith or for an improper purpose." *Id.*

The bar for awarding attorney's fees under the Court's inherent authority is also very high.  As the Fifth Circuit recently held in reversing such an award, "'[t]he threshold for the use of the inherent power sanction is high,' and such power should only be exercised 'if essential to preserve the authority

8

of the court.'" *Gipson v. Weatherford Coll.*, __ F. 4th __, No. 23-10397, 2023 WL 7314355, at *2 (5th Cir. Nov. 6, 2023) (citation omitted). Moreover, "[i]n order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in bad faith." *Id.* (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)).

As this Court has stated, "[a] court should invoke its inherent power to award attorney's fees only when it finds that fraud has been practiced upon it, or that the very temple of justice has been defiled." *RSR Corp. v. Johnson Controls Battery Grp., Inc.*, No. 3:13-CV-862-O, 2014 WL 12531156, at *2 (N.D. Tex. Jan. 28, 2014) (citing *Boland Marine & Mfg. Co. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers v. NASCO*, 501 U.S. 32, 46 (1991)). And courts in this Circuit have repeatedly reiterated that attorney's fees under a court's inherent authority may not be awarded unless this demanding standard has been satisfied. *See, e.g.*, *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 440 (5th Cir. 2012) (denying request for attorney fees where *Boland Marine* standard not satisfied); *Craven v. Dir., Off. of Worker's Comp. Programs*, 407 F. App'x 854, 858 (5th Cir. 2011) (affirming denial of sanctions where administrative law judge "could not reasonably conclude that a 'fraud has been practiced upon [the court], or that the very temple of justice has been defiled' as has been required in other cases where statutory authorization is lacking") (quoting *Boland Marine*, 41 F.3d at 1005).[3]

---

[3] Polymer80 also invokes Rule 11 as "another source of authority for this Court to sanction" Defendants. Mot. 9 n.1. However, that Rule plainly states that a motion for sanctions under its provisions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2); *see id.* (requiring such a motion to be served initially but not filed). Polymer80's motion, inserted into an opposition brief, does not satisfy the procedural prerequisites of Rule 11. Nor may Polymer80 evade this requirement by couching its motion as a request that the Court "raise the issue of Rule 11 compliance *sua sponte*," Mot. at 9 n.1, as a party's request that a court take particular action is a motion by another name. In any event, Rule 11 does not apply here. "In order for Rule 11 to apply, a federal filing must contain claims not well-grounded in fact and in law, and it must be submitted for an improper purpose." *Gomez v. I Heart Boba Town E., LLC*, No. 3:12-CV-01642-O, 2013 WL 12123902, at *2 (N.D. Tex. June 6, 2013) (citing *Edwards*, 153 F.3d at 245). Indeed, this Court has recognized that "[a] sanction under Rule 11 is 'an

9

The cases on which Polymer80 seeks to rely provide no support for its contention that it is entitled to sanctions under Section 1927 or under the Court's inherent power. The sanctioned attorneys in *Vaughan*, a voting rights case, had questioned school board members on a wide variety of topics "that bear little relevance to a voting rights lawsuit," including such irrelevant subjects as sexual harassment claims, state standardized testing, and board members' individual views on allowing teachers to carry guns on campus. *See* 62 F.4th at 208. Moreover, the attorneys "offered no theory of relevance to [the] court" for their lines of deposition questioning. *Id.* The sanctioned relator in *Gonzales v. Fresenius Med. Care N. Am.*, 689 F.3d 470 (5th Cir. 2012), had brought a *qui tam* action under the False Claims Act against her employer, a medical provider, alleging that it had submitted fraudulent Medicare claims; however, the relator provided inconsistent testimony during discovery and at trial as to whether she had refused requests to help cover up the alleged fraud. *See id.* at 472-73, 480. Finally, *Ratliff v. Stewart*, 508 F.3d 225 (5th Cir. 2007), does not support Polymer80's contention here that a court may infer the bad faith necessary for a sanctions award under Section 1927 merely from a party's filings. The plaintiff in *Ratliff* filed suit alleging she had been harmed by being prescribed a dangerous drug, but instead of suing the physician who had prescribed the drug, her attorney filed suit against a different physician with a similar name. *Id.* at 227-28. Sanctions were premised on the fact that plaintiffs' attorneys did not dismiss the suit against the wrong physician, despite repeatedly being informed in telephone and writing of the mistake, until after the wrong physician had incurred attorneys' fees to file an answer and move to dismiss or for summary judgment. *Id.* at 228. The Fifth Circuit explained that "[w]hen an attorney's conduct is so obviously unreasonable that a court can

---

extraordinary remedy, one to be exercised with extreme caution.'" *Brooks v. United Dev. Funding III, L.P.*, No. 4:20-CV-00150-O, 2020 WL 6132226, at *3 (N.D. Tex. May 27, 2020) (citation omitted). As explained in the text, Defendants' stay motion is well grounded in fact and law, and Polymer80 has presented no evidence that it was filed for any improper purpose.

infer an 'improper purpose' from the fact that the attorney persisted in it, it is unnecessary for the court to explain at length why the vexatiousness prong has been met." *Id.* at 234. By contrast, here, Polymer80 premises its sanctions motion on a mere "disagree[ment] with a party's legal analysis," which the Fifth Circuit in *Ratliff* specifically stated was not sufficient to warrant Section 1927 sections, even if a court were to agree with the movant that a party's legal analysis was flawed. *Id.* (citing *Calhoun*, 34 F.3d at 1300); *accord Williams v. Sorrells*, No. 3:15-CV-351-M, 2016 WL 1392335, at *3 (N.D. Tex. Apr. 8, 2016) ("[A] sanctioning court must do more than disagree with a party's legal analysis. A mere disagreement with an attorney's legal theory, standing alone, is not sufficient to satisfy the vexatiousness requirement.") (citing *Ratliff*).

### B. The Stay Motion Was Neither Unreasonable nor Vexatious.

For the reasons stated in Defendants' briefing on the Stay Motion and further explained above, the Stay Motion was meritorious and should be granted. *See* Stay Mot. 3-10; Reply Stay Mot. 2-10. At a minimum, regardless of how the Court rules on the Stay Motion, it is not sanctionable. Polymer80 acknowledges that the standard for an "unreasonable" motion is high, characterizing the required threshold as "bad faith" or "frivolous." Mot. 9. Defendants brought the Stay Motion in good faith, and it is far from the type of baseless or frivolous filing that could warrant sanctions.

Indeed, in its sanctions motion, Polymer80 did not contend that Defendants' argument that they satisfied the standard for a stay was unreasonable on its own terms. *See* Mot. 8-12. Polymer80 has therefore waived any argument that Defendants lacked a reasonable basis to argue that they satisfied the standard for a stay. Polymer80 cites no case in which a litigant was found to have engaged in sanctionable conduct by seeking relief where Supreme Court authority had established that the litigant met the standard for such relief.

Similarly, regardless of whether the Court ultimately grants the Stay Motion, Defendants have argued in good faith that counsel's email exchange did not preclude the Stay Motion, based on case

11

law and Defendants' reasonable interpretation of the text and context of the email exchange. As Defendants explained, where the email exchange occurred in the context of seeking consent to hold the interlocutory appeal in this matter in abeyance, it is not reasonable to conclude that the exchange continues to preclude relief after that abeyance has ended. *See* Stay Mot. 9; Stay Reply Br. 6-7. Furthermore, it is not reasonable to conclude that the representation remains operative where the exchange occurred against the backdrop of Polymer80's "indicat[ion] that if it were permitted to intervene in [*VanDerStok*] it would voluntar[il]y dismiss the current action." ECF No. 36. Polymer80 was permitted to intervene in *VanDerStok* and therefore it should have voluntarily dismissed this action, obviating the need for any stay motion—instead, it has continued to engage in claim splitting by maintaining this action. *See* Stay Mot. 9-10; Stay Reply Br. 7-9. In any event, the government candidly discussed the email exchange in its stay motion and explained the government's view that the exchange did not preclude the motion. Nothing about that conduct rises to the level of sanctionable.

Lastly, there is no merit to Polymer80's suggestion that Defendants' stay motion was vexatious because it was duplicative of Defendants' pending motion to dismiss this action or to vacate Polymer80's preliminary injunction and temporary restraining order. *See* Mot. 8-12; Mot. to Lift Stay, Dismiss, and Vacate, ECF No. 39. Defendants' stay motion seeks distinct and narrower relief than its motion to dismiss. *Compare* Mot. to Lift Stay, Dismiss, and Vacate 7 ("The Court should dismiss this lawsuit under the claim-splitting doctrine, or alternatively, should vacate the PI/TRO during the pendency of the Supreme Court Stay Order and Defendants' appeal in this action."), *with* Stay Mot. 10 ("Defendants respectfully request that the Court grant this motion and enter an order staying the Court's order granting preliminary injunctive relief, ECF No. 27, pending the resolution of the interlocutory appeal in this matter, and pending the disposition of the appeal in *VanDerStok* . . . and disposition of a petition for a writ of certiorari, if such a writ is timely sought."). Moreover, Defendants were required to file a stay motion in this Court as a prerequisite to seeking emergency

relief in the Fifth Circuit with respect to the existing preliminary injunction and temporary restraining order—as Defendants now have done. *See* Fed. R. App. P. 8(a)(1); Emergency Mot., *Polymer80 v. Garland*, No. 23-10527 (5th Cir. Nov. 17, 2023). Accordingly, Defendants' stay motion served different ends than Defendants' motion to dismiss or vacate and was not "multiplicative and vexatious." Mot. 11.

Indeed, Polymer80's argument that the government has vexatiously multiplied litigation is particularly unavailing in this context, where it is Polymer80's own inequitable conduct that has resulted in additional litigation. As explained, *see supra* page 5; Mot. to Lift Stay, Dismiss, and Vacate 2-5, it is Polymer80 that has brought materially the same complaint both as a plaintiff in this standalone suit and as an intervenor-plaintiff in *VanDerStok*. It is Polymer80 that secured its ability to intervene in *VanDerStok* by representing that it could dismiss this duplicative suit if it were permitted to intervene. And it is Polymer80 that has now refused for months to dismiss this separate suit even as it has obtained a final judgment in *VanDerStok* and defended that judgment on appeal. It is thus Polymer80 that has forced both parties in this case to continue to litigate the same claims in two separate suits—all in service of continuing to maintain the relief it obtained in this suit even though the Supreme Court made plain months ago that such relief is improper. Polymer80 cannot now persuasively complain about—and seek sanctions for—the government's efforts to hold Polymer80 to its representations about dismissing this lawsuit and enforce consistency with the Supreme Court's orders.

## CONCLUSION

The Court should deny Plaintiff's motion for sanctions.

DATED: November 29, 2023　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

13

        ALEXANDER K. HAAS
        Director, Federal Programs Branch

        LESLEY FARBY
        Assistant Director, Federal Programs Branch

        */s/ Daniel Riess*
        DANIEL RIESS
        TAISA GOODNATURE
        JEREMY S.B. NEWMAN
        Trial Attorneys
        Civil Division, Federal Programs Branch
        U.S. Department of Justice
        1100 L Street, NW
        Washington, DC 20005
        Phone: (202) 353-3098
        Email:  daniel.riess@usdoj.gov

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

On November 29, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*
