IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| POLYMER80, INC., | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. |
| | ) 4:23-cv-00029-O |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*, | ) |
|     Defendants. | ) |

**POLYMER80, INC.'S STATUS REPORT IN RESPONSE TO
THE COURT'S ORDER OF JULY 12, 2023**

Polymer80, Inc. ("Polymer80") respectfully submits this status report in response to the Court's Order that Polymer80 "file a status report on the docket in this case no more than 30 days after the close of the relevant period for appeal or the resolution of any such appeal that is made, whichever date is later." (Doc. 38).[1] Polymer80 requests that the Court permit Polymer80 to maintain this action and continue the stay pending the outcome of the additional proceedings in *VanDerStok*.

**BACKGROUND**

The Court entered an Order staying this case "pending the outcome of any potential appeal by the Government of Polymer80's intervention in a related case," *i.e.*, *VanDerStok*, on July 12, 2023. (Doc. 38). In *VanDerStok*, on July 13, 2023, Defendants noticed an appeal from the Court's Memorandum Opinion and Order on the Parties' Cross-Motions for Summary Judgment and Motions to Intervene. (ECF No. 234, No. 4:22-cv-00691-O ("*VanDerStok*")). Defendants did not

---

[1] Polymer80 interprets this language as ordering the status report due on December 11, 2023, *i.e.*, 30 days after the United States Court of Appeals for the Fifth Circuit issued its decision in *VanDerStok*, which is the earliest reading of "30 days after . . . the resolution of any such appeal that is made."

1

challenge Polymer80's intervention in their appellate briefing before the United States Court of Appeals for the Fifth Circuit. (*See* Doc. 77-1, No. 23-10718 (5th Cir. Aug. 9, 2023); Doc. 159-1, No. 23-10718 (5th Cir. Aug. 29, 2023)).

The Fifth Circuit entered a published opinion in *VanDerStok* on November 9, 2023. (Doc. 208, No. 23-10718 (5th Cir. Nov. 9, 2023). The Fifth Circuit affirmed the *VanDerStok* judgment "to the extent it holds unlawful the two challenged portions of the Final Rule," and it vacated and remanded the judgment "as to the remedy." *VanDerStok v. Garland*, 86 F.4th 179, 197 (5th Cir. 2023). The Fifth Circuit did not address any issues specific to Polymer80's intervention.

In this case, Defendants have sought to undo Polymer80's preliminary injunction on multiple fronts. (*See* Doc. 27). In August 2023, they filed a Motion to Lift Stay, to Dismiss Action, and to Vacate Preliminary Injunction and Temporary Restraining Order, or for an Indicative Ruling, (Doc. 39), which Polymer80 opposed, (Doc. 40). Then, in November 2023, Defendants filed a Motion to Stay Preliminary Injunction based on the same arguments, (Doc. 44), which Polymer80 opposed and which prompted Polymer80 to move for sanctions against Defendants' trial counsel for unreasonable and vexatious litigation conduct, (Doc. 46). This Court has not ruled on either of Defendants' motions or on Polymer80's sanctions motion.

On November 17, 2023, Defendants filed an Emergency Motion Pursuant to Circuit Rule 27.3 to Stay Injunction Pending Appeal. (Doc. 36, No. 23-10527 (5th Cir. Nov. 17, 2023). The Fifth Circuit granted Defendants' motion "[i]n accordance with the stay granted by the Supreme Court in *Garland v. VanDerStok*, No. 23A82 (Aug. 8, 2023)." (Doc. 49-1 (5th Cir. Nov. 30, 2023)). The interlocutory appeal in this case, regarding the Preliminary Injunction, is fully briefed and awaiting decision by the Fifth Circuit.

**DISCUSSION**

Polymer80 respectfully requests that this Court continue to exercise its discretion not to dismiss this case under the claim-splitting doctrine. After all, that doctrine is "a matter of docket management," Charles A. Wright, et al., Fed. Prac. & Proc. § 4406 (3d ed. Apr. 2023 update), and at most "permits—but does not require—a court to dismiss a second complaint that 'alleg[es] the same cause of action as a prior, pending, related action,'" *VanDerStok*, Doc. 227 at 14 (quoting *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996)). Although the Fifth Circuit has stayed the preliminary injunction pending appeal, this Court should permit Polymer80 to maintain this suit—in its stayed form and without the protection of a preliminary injunction—as a non-prejudicial measure against Defendants' consistent and persistent attempts to enforce unlawful regulatory provisions against Polymer80 designed to put it out of business. Defendants may yet try to challenge Polymer80's *VanDerStok* intervention on remand or on further appeal, notwithstanding the rule that "[a]n appellant's failure to raise an issue in an initial appeal constitutes a waiver of having the issue considered on remand." *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 177 n.4 (5th Cir. 2020). These same Defendants sought and eventually obtained a stay of the preliminary injunction even though they had earlier agreed "that the government won't request a stay of the injunction." (Doc. 47, App'x_001). Maintaining this action remains necessary to ensuring Polymer80's continued corporate existence.

Permitting Polymer80 to maintain this suit pending the outcome of *VanDerStok* will not prejudice Defendants. The preliminary injunction no longer binds Defendants, and the case itself is stayed. Any slight harm to Defendants is self-inflicted by their own continued efforts to have the Court lift the stay, dismiss the action, and vacate or stay the preliminary injunction.

Defendants' pending requests for relief are largely mooted by the Fifth Circuit's order staying the preliminary injunction. The Defendants' Motion to Stay (Doc. 44) is entirely moot. Defendants' Motion to Lift Stay, to Dismiss Action, and to Vacate Preliminary Injunction and Temporary Restraining Order, or for an Indicative Ruling (Doc. 39) is moot to the extent it requests that the Court "vacate the PI/TRO during the pendency of the Supreme Court Stay Order and Defendants' appeal in this action." (*Id.* at 7).

## **CONCLUSION**

Polymer80 respectfully requests that the Court permit Polymer80 to maintain this action and continue the stay pending the outcome of the additional proceedings in *VanDerStok*.

Dated: December 11, 2023       Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ Dennis L. Daniels Jr.*
 DENNIS L. DANIELS JR.
 Texas Bar No. 24107402
 dldaniels@bradley.com
3600 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
Telephone: (214) 257-9800

JAMES W. PORTER, III (*pro hac vice*)
jporter@bradley.com
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8285

MARC A. NARDONE (*pro hac vice*)
mnardone@bradley.com
1615 L Street NW, Suite 1350
Washington, DC 20036
Telephone: (202) 719-8256

**ATTORNEYS FOR POLYMER80, INC.**

## CERTIFICATE OF SERVICE

I certify that on December 11, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

>*/s/ Dennis L. Daniels Jr.*\_\_\_\_\_
>Dennis L. Daniels Jr.